UNITED STATES

v.

Sergeant John A. MOUGENEL, FR 266–11–6160, United States Air Force.

ACM 22380.

U. S. Air Force Court of Military Review.

4 Oct. 1978.

Appellate Counsel for the Accused: Colonel B. Ellis Phillips and Captain Douglas H. Kohrt.

Appellate Counsel for the United States: Colonel Julius C. Ullerich, Jr., and Captain James R. Van Orsdol.

Before EARLY, HERMAN, ORSER and ARROWOOD, Appellate Military Judges.

## DECISION

ARROWOOD, Judge:

This case is before us with approved findings of guilty as to three specifications of wrongful possession and transfer of hashish, in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934. The accused pleaded guilty to two of the specifications and not guilty to the third, Specification 3 of Charge II.

In their first assignment of error, appellate defense counsel assert that the failure of the military judge to provide the accused with the results of polygraph tests given to a government informant requires that the findings of guilty to Specification 3 of Charge II be set aside. We agree.[1]

Prior to pleading, the defense made a motion for appropriate relief, requesting the military judge to direct the government to provide the defense with the investigative agency's background file on the informant as well as the results of two polygraph examinations he had undergone. The military judge ordered the release of the background file and the questions and answers from the polygraph test, but he denied the request for the release of the tests results.

From a pretrial interview with the informant, it had become apparent to the defense that he had been administered two polygraph tests. The informant indicated that the operator had told him he had failed the second test. Trial defense counsel also deduced that, since he was given a second test, he must have failed the first. Trial defense counsel gave two reasons for needing the results. First, he wished to place them into evidence to impeach the credibility of the informant; second, he wanted to use the results in interviewing the polygraph operator. Appellate defense counsel now contend that the information could have been effectively utilized in preparing cross-examination of the informant and attacking his credibility.

In trials by courts-martial the results of polygraph examinations are not admissible in evidence. Paragraph 142e, Manual for Courts-Martial, United States 1968 (Revised edition). The results, however, can be considered by the convening authority and appellate reviewing authorities to assist in determining that no injustice has been done to the accused. *United States v. Massey*, 5 U.S.C.M.A. 514, 18 C.M.R. 138 (1955). In some jurisdictions the rule against admitting lie detector test results has given way to their use under certain circumstances. In *Tyler v. United States*, 90 U.S.App.D.C. 2, 193 F.2d 24 (1951), cert. denied, 343 U.S. 908, 72 S.Ct. 639, 96 L.Ed. 1326 (1952), the court upheld a conviction where polygraph results showing the defendant was lying were admitted as having a proper bearing on the voluntariness of his confession. In *United States v. Hart*, 344 F.Supp. 522 (E.D.N.Y.1971), the court, on motion, ordered the government to release to the defendant the results of a polygraph test given an informant who had been untruthful during the test. The court further ruled the test results admissible on the credibility of the informant.

A different holding was reached in *Ballard v. Superior Court of San Diego County*, 64 Cal.2d 159, 49 Cal.Rptr. 302, 410 P.2d 838 (1966). In *Ballard*, defendant requested "all reports, notes and records showing the results of a polygraph (lie detector) test given [the complaining witness] . . . or to any other person relating to this case." Counsel told the court that he wanted the information because the witnesses' answers to questions might be used for impeachment purposes; he offered no justification for needing the results of the test. The prosecution agreed to provide the polygraph questions and answers, but the trial court refused to order the release of the results of the test. The California Supreme Court refused to overturn the trial court's disposition of the request, stating:

> Defense counsel failed to offer any tenable reason to the trial court why he

---

1. The remaining assignments of error are mooted by this disposition or are without merit.

should be given the results; moreover, we cannot conceive of their pertinence to defendant's case. Not only is evidence of polygraph tests inadmissible, but the results of the test would neither lead to any additional evidence nor aid petitioner in preparation for trial.

*Ballard v. Superior Court of San Diego County,* 64 Cal.2d 159, 170, 49 Cal.Rptr. 302, 309, 410 P.2d 838 at 845.[2]

The case at hand should be considered in the light of the accused's rights under paragraph 115c, Manual, supra, which states:

If documents or other evidentiary materials are in the custody and control of military authorities, the trial counsel, the convening authority, the military judge . . . will, upon reasonable request and without the necessity of further process, take necessary action to effect their production for use in evidence and, within any applicable limitations (see 151b(1) and (3)),[3] to make them available to the defense to examine or to use, as appropriate under the circumstances.

■ Military law provides a much more direct and generally broader means of discovery by an accused than is normally available to him in civilian courts. At trial a motion for appropriate relief gives the defense practically unlimited means for the production of evidence favorable to the accused. The only restrictions placed upon this liberal discovery policy are that the documentary evidence sought must be relevant to the subject matter of the inquiry and the request must be reasonable. Relevance and reasonableness depend, of course, upon the facts of each case. *United States v. Franchia,* 13 U.S.C.M.A. 315, 32 C.M.R. 315 (1963).

Appellate government counsel contend that since under paragraph 142e, Manual, supra, the results of the polygraph cannot be admitted into evidence, it follows that paragraph 115c, Manual, supra, may not

be construed as requiring that test results be provided to the accused. We agree that the results of the polygraph are not admissible into evidence. However, we do not agree that the phrase "documents and other evidentiary materials" as used in the Manual encompasses only admissible evidence. We believe that the language in the Manual is broad enough to include any matters which are relevant to the case and can be reasonably provided. *United States v. Franchia,* supra. In this case, the results of the polygraph tests cast serious doubt on the informant's reliability; they are thus both relevant and may be reasonably provided.

■ Of further significance to our inquiry is the government's duty under *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), to, upon request, disclose to the defense material evidence favorable to the accused. *Moore v. Illinois,* 408 U.S. 786, 92 S.Ct. 2562, 33 L.Ed.2d 706 (1972). Included within the obligation is disclosure of evidence affecting the credibility of a government witness. *Giglio v. United States,* 405 U.S. 150, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972); *United States v. Webster,* 1 M.J. 216 (C.M.A.1975); *United States v. Brakefield,* 43 C.M.R. 828 (A.C.M.R.1971), petition denied, 43 C.M.R. 413. Citing the *Manual* and *Brady v. Maryland,* supra, as authority, the Army Court of Military Review in *United States v. Brakefield* and the Court of Military Appeals in *United States v. Webster,* both supra, declared that information that affected the credibility of government witnesses was required to be provided to the accused. In *Brakefield,* the defense was entitled to a psychiatric report concerning the witness; in *Webster,* the accused had a right to disclosure of the terms of a grant of immunity to the informant.

**2.** The Special Committee of Standards for The Administration of Criminal Justice took no position on polygraph tests results. Standards relating to Discovery and Procedure Before Trial, Approved Draft, 1970, Commenting § 2.1(a)9(iv) page 68.

**3.** The limitations are for [151b(1)] military and state secrets, and informants; and [151b(3)] confidential and secret evidence.

Although not admissible in courts-martial, the results of polygraph tests indicating the informant was untruthful could be of great benefit to the accused in preparing for trial. The potential value of the information in this case could not be determined by the trial judge or this Court, for neither was provided with the questions, answers or requests of the test. However, there is a distinct likelihood that the results may have been effectively utilized in preparing the cross-examination of the informant, or by leading to evidence regarding the informant's reliability, thereby affecting the court's findings as to the specification in question. Under these circumstances, the failure of the military judge to release the results, as well as the questions and answers from the informant's polygraph tests was error.

Accordingly, the finding of guilty as to Specification 3 of Charge II is set aside and, in the interest of justice, dismissed. Reassessing the sentence on the basis of the remaining findings of guilty and the entire record, we find appropriate only so much thereof as provides for a bad conduct discharge, forfeiture of $100.00 per month for 12 months, confinement at hard labor for one year and reduction to the grade of airman basic.

The findings of guilty and the sentence, both as modified herein, are

AFFIRMED.

EARLY, Chief Judge, HERMAN and ORSER, Judges, concur.