**UNITED STATES, Appellee,**

v.

**Winston W. REECE, Aviation Boat-swain's Mate Handler Third Class U.S. Navy, Appellant.**

No. 54,371.

NMCM 85 0196.

U.S. Court of Military Appeals.

Sept. 25, 1987.

For Appellant: *Lieutenant Susan R. Cornell, JAGC, USN* (argued); *Commander Frederick N. Ottie, JAGC, USN* (on brief).

For Appellee: *Lieutenant Commander David A. Sabot, JAGC, USN* (argued); *Commander Michael P. Green, JAGC, USN* (on brief); *Captain Carl H. Horst, JAGC, USN.*

*Opinion of the Court*

COX, Judge:

Contrary to his pleas, appellant was convicted[1] by a general court-martial composed of officer members of carnal knowledge and of committing lascivious acts upon females under 16 years of age, in violation of Articles 120 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 920 and 934, respectively. He was sentenced[2] to a bad-conduct discharge, confinement for 2 years, and reduction to the lowest enlisted pay grade. The convening authority approved, and the Court of Military Review affirmed, the findings and sentence.

This Court granted review of the following issue to determine:

WHETHER THE MILITARY JUDGE ERRED WHEN HE FAILED TO

---

1. Military judges must insure that a copy of the charge sheet is included in the right place in the record.

2. The court-martial order (No. 13–84) erroneously reflects sentencing by the military judge.

GRANT THE DEFENSE MOTION TO ORDER PRODUCTION OF DISCOVER-ABLE MATERIAL.

Appellant was convicted of committing two lascivious acts upon and carnal knowledge of Miss D, and of committing a lascivious act upon Miss B, both of whom were female dependents under the age of 16 years. Their testimony constituted the sole evidence against appellant, so credibility was the key issue in the case.

Prior to trial, appellant's defense counsel learned that Miss D had a history of inpatient treatment for alcohol, drug, and behavioral problems, and that Miss B was under the control of state welfare authorities, having been placed in a foster home for behavior described by her family as uncontrollable. Defense counsel attempted to obtain the reports and documentation prepared by the social service and mental health personnel concerned but was denied access by state officials on the grounds of privilege.[3] The defense then made a series of discovery requests of trial counsel, asserting that the information was relevant to the girls' credibility and capacity to observe events. He asked trial counsel to issue a subpoena *duces tecum* for this evidence. Trial counsel denied the discovery requests and the subpoena on the grounds that they lacked specificity and a sufficient demonstration of relevance.[4]

At trial, defense counsel moved to dismiss the case on the grounds that appellant's Sixth Amendment rights to confront and cross-examine the witnesses had been abrogated by trial counsel's denial of the information. In the alternative, he asked the military judge to order production of the requested documents. In denying the motions, the military judge concluded that neither placement in a foster home nor treatment for alcohol and drug abuse had any bearing on a witness' credibility. The judge further stated that he felt no need to order an *in-camera* inspection of the materials to make his determination. Under the circumstances of this case, the military judge's failure to order production of the requested materials was error.

■ "Military law provides a much more direct and generally broader means of discovery by an accused than is normally available to him in civilian courts." *United States v. Mougenel,* 6 M.J. 589, 591 (A.F.C. M.R.1978), *pet. denied,* 6 M.J. 194 (1979). *See United States v. Eshalomi,* 23 M.J. 12, 24 (C.M.A.1986). Congress has specifically provided that the prosecution and defense shall have equal access to witnesses and other evidence. Art. 46, UCMJ, 10 U.S.C. § 846. Consistent with this mandate, the President has provided that "[e]ach party shall have adequate opportunity to prepare its case and equal opportunity to" inspect and obtain "evidence, including the benefit of compulsory process." R.C.M. 701(e) and 703(a), Manual for Courts-Martial, United States, 1984. R.C.M. 703(f)(4)(B) provides for the subpoena of evidence not under

---

3. We are not sympathetic to the claim of privilege where a juvenile accuses an individual of a crime. The state's interest in maintaining the confidentiality of juvenile records must yield to the right of an accused in a criminal case to effectively cross-examine an adverse witness. "[T]he State cannot, consistent with the right of confrontation, require the petitioner to bear the full burden of vindicating the State's interest in the secrecy of juvenile ... records." *Davis v. Alaska,* 415 U.S. 308, 320, 94 S.Ct. 1105, 1112, 39 L.Ed.2d 347 (1974). The courts of the two states involved in this case, California and Nevada, have recognized this principle. *See People v. Reber,* 177 Cal.App.3d 523, 223 Cal.Rptr. 139 (Cal.App. 3 Dist. 1986); *Summit v. State,* 101 Nev. 159, 697 P.2d 1374 (1985). The production of juvenile records for *in camera* inspection by the judge is a routine practice in state courts.

*See, e.g., State v. Smith,* 437 So.2d 802, 804 (La.1983).

4. Just as in *United States v. Eshalomi,* 23 M.J. 12, 27 n. 11 (C.M.A.1986), where we stated that "the scope of" Mil.R.Evid. 412 "or any asserted patient—physician privilege should be determined by a court—not *ex parte* by the prosecutor," so determination of the relevance and necessity of defense-requested evidence should be made by the "court—not *ex parte* by the prosecutor." *See also State v. Smith, supra* 437 So.2d at 805. Furthermore, "[a] subpoena for documents may be quashed [*only*] if their production would be 'unreasonable or oppressive,' but not otherwise." *United States v. Nixon,* 418 U.S. 683, 698, 94 S.Ct. 3090, 3103, 41 L.Ed.2d 1039 (1974).

control of the Government. The only restrictions placed upon the liberal discovery of documentary evidence by the accused are that the evidence must be "relevant and necessary" to the subject matter of the inquiry, and the request must be reasonable. R.C.M. 703(f)(1) and (f)(4)(C). A defense request for production of evidence not under the control of the Government "shall include a description of each item sufficient to show its relevance and necessity." R.C.M. 703(f)(3). "Relevance and reasonableness depend, of course, upon the facts of each case." *United States v. Mougenel*, 6 M.J. at 591, *citing United States v. Franchia*, 13 U.S.C.M.A. 315, 32 C.M.R. 315 (1962).

The Military Rules of Evidence establish "a low threshold of relevance," *United States v. Tomlinson*, 20 M.J. 897, 900 (A.C. M.R.1985) (footnote omitted)—any "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence" is relevant. Mil.R. Evid. 401. Such "evidence is necessary ... when it would contribute to a party's presentation of the case in some positive way on a matter in issue." R.C.M. 703(f)(1), Discussion.

█ At trial, defense counsel established that, as there were no eyewitnesses to the alleged offenses, the credibility of the two girls would be a key issue in the case. He argued that Miss D's history of alcohol and drug treatment was relevant to her ability to perceive and remember events, especially as she had admitted that she had consumed alcohol before each of the alleged incidents. With respect to Miss B, he argued that her counseling records would contain evidence of her behavioral prob-

lems. He made as specific a showing of relevance as possible, given that he was denied all access to the documents. Some forms of emotional or mental defects have been held to "have high probative value on the issue of credibility.... [A] conservative list of such defects would have to include ... most or all of the neuroses, ... alcoholism, drug addiction, and psychopathic personality." *United States v. Lindstrom*, 698 F.2d 1154, 1160 (11th Cir.1983); *see United States v. Owen*, 24 M.J. 390 (C.M.A. 1987). We cannot discount the possibility that the information contained in the state's reports may have had an impact on the defense's trial strategy. In view of the "low threshold" test for relevance and the statutory and Manual provisions for liberal discovery, we hold that the military judge abused his discretion in failing, at a minimum, to order production of the requested materials *in camera* to give appellant and his counsel an opportunity to determine if they contained information which would be relevant to the cross-examination or impeachment of the complaining witness.

The decision of the United States Navy-Marine Corps Court of Military Review is set aside. The record of trial is returned to the Judge Advocate General of the Navy for transmission to an appropriate general court-martial convening authority for reference to a general court-martial military judge for the purpose of conducting an evidentiary hearing. *See United States v. DuBay*, 17 U.S.C.M.A. 147, 37 C.M.R. 411 (1967). At this hearing, the military judge will order production of the subject documents[5] for *in camera* inspection by counsel under an order of confidentiality.[6] The judge will hear argument and rule on the relevance of the evidence. If the judge

---

**5.** To the extent that military courts are concerned that civilians will not comply with military subpoenas for the production of documents, we recommend reading our opinion in *United States v. Hinton*, 21 M.J. 267 (C.M.A. 1986).

**6.** We need not decide here whether inspection and argument are to be made available to coun-

sel and appellant in every case. Rather, it is for the military judge to determine, in his discretion, whether the type of record and the nature of the state's interest in maintaining its confidentiality are such that counsel and appellant should be barred from inspecting such information *in camera*. *See Pennsylvania v. Ritchie*, —— U.S. ——, 107 S.Ct. 989, 94 L.Ed.2d 40 (1987).

rules that the evidence is relevant, he will set aside the findings of guilty and the sentence, and then refer the matter to the convening authority, who may order a rehearing or, if he deems a rehearing impracticable, may dismiss the charges. If the judge rules that the evidence is not relevant, then an authenticated, verbatim record of the limited hearing will be transmitted directly to this Court.

Chief Judge EVERETT and Judge SULLIVAN concur.