UNITED STATES, Appellee,

v.

Maurice C. BRIGGS, Sergeant,
U.S. Air Force, Appellant.

No. 97–0202.
Crim.App. No. 31858.

U.S. Court of Appeals for
the Armed Forces.

Argued Dec. 3, 1997.

Decided June 12, 1998.

For Appellant: *Captain Margo Stone Newton* (argued); *Lieutenant Colonel Kim L. Sheffield* and *Major Kevin P. Koehler* (on brief); *Colonel David W. Madsen.*

For Appellee: *Captain Martin J. Hindel* (argued); *Lieutenant Colonel Michael J. Breslin* and *Major LeEllen Coacher* (on brief); *Colonel Brenda J. Hollis.*

*Opinion of the Court*

COX, Chief Judge:

Appellant challenges his convictions,[1] alleging that Article 46, Uniform Code of Military Justice, 10 USC § 846, and *Brady v. Maryland*[2] entitled him to receive all of his rape victim's medical records prior to her cross-examination.[3]

■ First, Briggs' defense counsel orally requested copies of all the victim's medical records, including any mental-health records. In response, the Government produced cop-

---

1. Briggs was tried by general court-martial (composed of officer members) at Kadena Air Base, Japan, for rape and indecent assault in violation of Articles 120 and 134, Uniform Code of Military Justice, 10 USC §§ 920 and 934, respectively. He was convicted and sentenced to confinement for 30 months, total forfeitures, reduction to E–1, and a dishonorable discharge. The convening authority approved the sentence. The Court of Criminal Appeals affirmed. 46 MJ 699 (1996).

2. 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).

3. This Court granted review of the following issue on April 28, 1997:

WHETHER THE MILITARY JUDGE ERRED IN DENYING THE DEFENSE MOTION TO COMPEL DISCOVERY.

ies of the few pages of medical entries directly related to the charged incident. Immediately following receipt of these limited entries, the defense made another request for access to all the medical records. The convening authority denied this request. The defense then filed a Motion to Compel Discovery and litigated it at an Article 39(a) [4] session prior to trial. In that motion, defense counsel justified the request by stating that the medical records "are material to the adequate preparation of the defense because they contain information pertaining to her [the victim's] medical background and possibly a prior rape."

Defense counsel proffered that, during a pretrial interview between the victim and defense counsel, the victim had disclosed that she had been raped previously by someone other than appellant. Trial counsel stated during oral argument on the motion that they had reviewed the medical records in response to defense counsels' written request and proffer "to determine whether or not there was ... evidence of a prior rape." Defense counsel provided no further information or justification.

The military judge denied production of the records, stating that unless the defense could articulate a rationale to show the "materiality" of the victim's entire medical record, it only appeared as if defense counsel were on a "fishing expedition."

We hold that the military judge did not abuse his discretion in denying the defense discovery request. However, the better practice is for the judge to inspect the records personally.

First, trial defense counsel could not point to any possibility that there was exculpatory material contained within the victim's medical records. Additionally, appellate defense counsel did not argue in their brief, and could not articulate at oral argument, what evidence was expected to be exculpatory, or how any unreleased portion of the medical records could possibly lead to potentially relevant evidence.

At best, assuming *arguendo* that a prior rape report had been made, it would add nothing to Briggs' defense. Any supporting medical evidence would only tend to corroborate that the victim made a prior claim, a fact which, if relevant under the facts of a given case, the defense could elicit during cross-examination of the victim. On the other hand, the lack of medical evidence has no evidentiary value. Mil.R.Evid. 401 and 402, Manual for Courts–Martial, United States (1995 ed.). On this record, we find no reasonable discovery theory supporting disclosure of the entire medical record.

Second, although neither perfect nor preferable, government counsel represented to the military judge that no exculpatory evidence was contained in the victim's medical record. In *United States v. Simmons*, 38 MJ 376, 381 (CMA 1993), we reiterated trial counsel's responsibility in this regard. Then–Chief Judge Sullivan stated:

> Trial counsel must exercise due diligence in discovering such reports not only in his possession but also in the possession, control, or custody of other "military authorities" and make them available for inspection. Thus, trial counsel ... had a duty to seek out and examine the ... evidence in the possession of military investigative authorities which was favorable to the defense.

Unlike *Simmons*, there is no evidence in this case suggesting that trial counsel failed to comply with the duty to disclose exculpatory evidence. We accept trial counsel's proffer as an officer of the court that the medical records contained no exculpatory evidence as being sufficiently reliable for the purposes of this case. Neither party has suggested that this representation was incorrect.

Third, and most importantly, there is no possible prejudice to Briggs because he made many damaging pretrial admissions to an Air Force investigator—all of which were admitted against him at trial. These statements all focused on the issue of consent. After a long day of activities, the victim decided to spend the night in Briggs' dormitory room. In his statements, Briggs did not deny that

4. UCMJ, 10 USC § 839(a).

intercourse occurred. In fact, his oral statements agreed with the victim's testimony in every respect, except the question about the nature of her resistance to the intercourse once her eyes fluttered and then opened. Briggs admitted that the victim attempted to push him off of her once she opened her eyes, and that he continued intercourse for a short period following this resistance. Briggs has not challenged the propriety of admitting any of these statements. The possibility that evidence of a prior rape would refute Briggs' admissions is remote.

■ The preferred practice is for the military judge to inspect the medical records *in camera* to determine whether any exculpatory evidence was contained in the file prior to any government or defense access.[5] This issue has been litigated at each successive appellate level simply because of the failure to litigate it at the trial level. The proper procedure is for trial counsel to call the records custodian as an authenticating witness. This witness need only deliver an accurate and sealed copy of the records to the military judge for *in camera* review. Once reviewed, the military judge makes a ruling either allowing access to both sides, or denying access and resealing the records as an exhibit for appellate review.

The requirements for proper legal review do not limit the size of an appellate exhibit. Certainly, any inconvenience caused by appending this exhibit to the record of trial is outweighed by the time and effort wasted by relitigation of this issue through successive appellate courts. This process balances the victim's right against unnecessary intrusion into her medical files with the parties' rights to have equal access to potential evidence. Moreover, the *in camera* inspection inspires confidence in the fairness of the system and fulfills the spirit of the rules of evidence and our case law.

In this case, however, there is no showing that the Government acted in bad faith. In fact, the Government had proposed by written motion the option of an *in camera* inspection to solve the issue. Therefore, we accept trial counsel's proffer as sufficient assurance that the medical records contained no exculpatory information discoverable pursuant to *Brady v. Maryland.*[6] Nevertheless, we urge military judges to make their own rulings on these matters rather than relying upon a judicial determination by government counsel.

The decision of the United States Air Force Court of Criminal Appeals is affirmed.

Judges CRAWFORD, GIERKE, and EFFRON concur.

SULLIVAN, Judge (concurring in the result):

RCM 701(g), Manual for Courts–Martial, United States (1995 ed.), states, *inter alia: Regulation of discovery.*

(1) *Time, place, and manner.* The military judge may, consistent with this rule, specify the time, place, and manner of making discovery and may prescribe such terms and conditions as are just.

(2) *Protective and modifying orders.* Upon a sufficient showing the military judge may at any time order that the discovery or inspection be denied, restricted, or deferred, or make such other order as is appropriate. Upon motion by a party, the military judge may permit the party to make such showing, in whole or in part, in writing to be inspected only by the military judge. If the military judge grants relief after such an ex parte showing, the entire text of the party's statement shall be sealed and attached to the record of trial as an appellate exhibit. Such material may be examined by reviewing authorities in closed proceedings for the purpose of reviewing the determination of the military judge.

This rule provides for a full adversarial hearing on a discovery request or an *ex parte* hearing with inspection by the trial judge and the attachment of documents inspected as appellate exhibits. Error occurred here under this rule.

**5.** Art. 46, UCMJ, 10 USC § 846; *see United States v. Garries,* 22 MJ 288, 293 (CMA 1986).

**6.** *See* n. 2, *supra.*

However, I find no prejudice requiring reversal of appellant's convictions. Appellant did not demand an *in camera* inspection by the trial judge or attachment to the record of the desired medical records as provided for in RCM 701(g). *See* RCM 701(g)(3)(remedies for failure to comply with discovery rule). In these circumstances, I am persuaded that trial counsels' representations as to the content of these records are a proper basis to affirm this case. *See United States v. Branoff*, 38 MJ 98, 105 (CMA 1993).