UNITED STATES, Appellee,

v.

Staff Sergeant Sylvester L. KELLY,
United States Army, Appellant.

ARMY 9600774.

U.S. Army Court of Criminal Appeals.

29 Sept. 1999.

For Appellant: Captain Thomas J. Barrett, JA (argued); Colonel John T. Phelps II, JA; Colonel Adele H. Odegard, JA; Major Leslie A. Nepper, JA (on brief).

For Appellee: Captain Troy A. Smith, JA (argued); Colonel Joseph E. Ross, JA; Colonel Frederic L. Borch III, JA; Major Lyle D. Jentzer, JA (on brief); Colonel Russell S. Estey, JA; Lieutenant Colonel Eugene R. Milhizer, JA; Major Marcella R. Edwards–Burden, JA.

Before SQUIRES, Senior Judge, MERCK, and TRANT, Appellate Military Judges.

OPINION OF THE COURT
ON REMAND

SQUIRES, Senior Judge:

Pursuant to his pleas, appellant was convicted of three specifications involving larceny of basic allowance for quarters (BAQ) and three specifications of fraud, in violation of Articles 121 and 132, Uniform Code of Military Justice, 10 U.S.C. §§ 921 and 932 [hereinafter UCMJ]. Contrary to his pleas, a panel of officers and enlisted members convicted Staff Sergeant (SSG) Kelly of communicating a threat in violation of Article 134, UCMJ, 10 U.S.C. § 834. The convening authority approved the sentence to a dishonorable discharge, confinement for one year, forfeiture of all pay and allowances, and reduction to Private E1; and in an act of clem-

ency, suspended the confinement in excess of six months for one year.

Appellant initially raised six claims of error, either through appellate defense counsel or personally pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A.1982). After oral argument on 15 April 1998, this court found merit in one contention, granted partial relief and affirmed the sentence. *See* Appendix. On appeal, appellant raised those contentions on which he was unsuccessful in this court; and for the first time, alleged that the application of Article 57(a)(1), UCMJ, 10 U.S.C. § 857(a)(1) to his case would violate the ex post facto clause of the Constitution.

On 29 April 1999, the Court of Appeals for the Armed Forces set aside our previous decision, and remanded the case for our determination of whether appellant was in the class of persons eligible for protection under *United States v. Gorski*, 47 M.J. 370 (1997). Our superior court also asked that we give further consideration to appellant's contention that the military judge abused his discretion when he denied trial defense counsel's request to examine the personnel file of the alleged threat victim for impeachment material.

After additional oral argument, we conclude that while the military judge erred by not conducting an *in camera* inspection of the victim's personnel file, his failure to do so did not prejudice appellant. Finally, we find that appellant is entitled to those protections afforded by *Gorski*.

## DISCOVERY OF VICTIM'S PERSONNEL FILE

Prior to trial, appellant's defense counsel sought discovery of the personnel and medical records of SSG N, the noncommissioned officer to whom SSG Kelly was convicted of communicating a threat. Counsel's request was based on her belief that SSG N had a medical profile that limited his duty hours and that his performance fiche contained a letter of reprimand that could potentially impeach SSG N's integrity and credibility. Trial defense counsel further asserted that SSG N had refused to speak with her until just before the court-martial was scheduled to begin, and during this interview, he had been unresponsive to questions surrounding his medical profile and hours of actual duty.

During a contentious Article 39(a), UCMJ, session, prior to the entry of pleas, defense counsel renewed her request for inspection of the victim's personnel and medical records. Government counsel initially responded that SSG N's personnel file contained "no Article 15's or letters of reprimand," and "those are the only things that the defense can question him on." Defense counsel insisted that she review the files because the "government's not in a position to unilaterally decide what evidence is relevant and what is not." She further asserted that she had "an eyewitness" who had seen a letter of reprimand in SSG N's personnel file. Trial counsel then conceded that SSG N's personnel file contained an unfavorable letter, but that it was an addendum to a noncommissioned officer evaluation report (NCOER), and was "nondiscoverable" because it could not be used as a basis to cross-examine SSG N.

The military judge directed trial counsel to produce this letter for the defense. After settling the issue of access to SSG N's medical records by providing the trial defense counsel with a redacted version of SSG N's profile,[1] defense counsel again requested to review SSG N's personnel file. At this point, trial counsel asked the military judge to review the victim's Official Military Personnel File and provide defense counsel with anything the judge deemed relevant. Defense counsel initially opposed the idea. After the military judge denied the "motion" for an *in camera* inspection of SSG N's record based on defense counsel's opposition, defense counsel acceded to the judge's inspection. The military judge declined to perform an *in camera* inspection.

---

1. The redacted profile showed the victim's permissible duty hours (0830–1530), but deleted any reference to the malady that caused his abbreviated work schedule. While the record of trial is silent as to the exact nature of SSG N's "incurable disease," it is apparent that the litigants' pretrial posturing and courtroom behavior stemmed from the trial counsel's notion that defense counsel wanted to exploit this illness before the members.

## A. Disclosure

In our system of military justice, the trial counsel enjoys a special status to insure "justice shall be done." *Berger v. United States,* 295 U.S. 78, 88, 55 S.Ct. 629, 79 L.Ed. 1314 (1935); *see also United States v. Williams,* 47 M.J. 621, 625 (Army Ct.Crim.App.1997), aff'd, 50 M.J. 436 (1999). Encompassed within this special status is a duty to ensure that the broad, liberal, open, and generous practice of discovery created by Article 46, UCMJ, and the various Rules for Court–Martial implementing this article are carried out forthrightly and punctually. *See Williams,* 50 M.J. at 439–40; *United States v. Simmons,* 38 M.J. 376, 380 (C.M.A.1993); *cf. United States v. Abrams,* 50 M.J. 361 (1999); *United States v. Reece,* 25 M.J. 93 (C.M.A.1987).

■ This duty to disclose extends to impeachment as well as exculpatory evidence. *See United States v. Bagley,* 473 U.S. 667, 676, 105 S.Ct. 3375, 87 L.Ed.2d 481 (1985); *Strickler v. Greene,* 527 U.S. 263, 119 S.Ct. 1936, 144 L.Ed.2d 286 (1999). "Each party is entitled to the production of evidence which is relevant and necessary." Rule for Courts–Martial 703(f)(1)[hereinafter R.C.M.]; *see also Abrams,* 50 M.J. at 362; *Reece,* 25 M.J. at 95. Assuming, based on the military judge's ruling, that the letter incorporated into one of SSG N's evaluation reports contained derogatory information that potentially could be used to impeach his credibility, the entire report, including the letter, was relevant, *see* Military Rule of Evidence 401 [hereinafter Mil.R.Evid.], and discoverable upon defense request. *See* R.C.M. 703(f)(1) discussion. Trial counsel's failure to promptly produce this evidence, as well as his equivocation in the courtroom, did not meet the expectations of military discovery practice.

## B. Review of Personnel Files

Unlike the situation in *Williams,* the defense counsel's discovery request in this case was directed to the specific type of records and information sought (a review of the entire 201 file to find information affecting SSG N's integrity and credibility). Thus, we are initially faced with the question of whether a defense counsel is entitled to inspect the official personnel file of a victim when that counsel distrusts the government's response to a discovery request, with or without a showing that the file contains material relevant and necessary to the defense case.[2]

■ As the Court of Appeals for the Armed Forces unanimously stated in *Abrams,* "We can well understand [the military judge's] respect for the confidentiality of another servicemember's personnel records and his interest in not opening them up to a blanket fishing expedition." 50 M.J. at 362. This is especially true in the case at hand where the victim had a "terminal illness." While individual privacy concerns will always bend before the constitutional dictate of due process, there is no statutory or procedural imperative within the military justice system that permits a defense counsel *carte blanche* access to a victim's personnel records. Accordingly, the military judge did not abuse his discretion by denying the trial defense counsel unfettered access to SSG N's personnel records.

■ We find this military judge erred by "relying upon a judicial determination by government counsel," rather than inspecting the sought-after personnel records *in camera* and making his own decision on the need to furnish defense additional documentation. *See United States v. Briggs,* 48 M.J. 143, 145 (1998); *U.S. v. Abrams,* 50 M.J. at 361. "Where a conflict arises between the defense search for information and the Government's need to protect information, the appropriate procedure is '*in camera* review' by a judge." *United States v. Rivers,* 49 M.J. 434, 437 (1998)(citing *Pennsylvania v. Ritchie,* 480 U.S. 39, 61, 107 S.Ct. 989, 94 L.Ed.2d 40 (1987)).

■ The record of trial clearly shows a distrust between counsel, of each other's motives in either using and protecting the material in SSG N's personnel file, as well as a genuine dispute concerning the discovery procedure. To resolve such matters and facilitate, not encumber, the litigation process,

**2.** As no privilege pursuant to Mil.R.Evid. 506 was claimed by the government, we need not decide the issue, left open in *Abrams,* of whether individual personnel records fall under that rule.

the military judge must review the contested documents, seal those not furnished to counsel, and attach them to the record of trial. *See Abrams,* 50 M.J. at 363; *Rivers,* 49 M.J. 434. Even though the judge failed to conduct an *in camera* review and attach SSG N's personnel records, we find no prejudice to this appellant. Not every violation of a trial counsel's duty to disclose or a military judge's duty to referee the discovery process warrants reversal. *See Strickler,* 527 U.S. at ——, 119 S.Ct. at 1948–49; *Kyles v. Whitley,* 514 U.S. 419, 115 S.Ct. 1555, 131 L.Ed.2d 490 (1995).

We find no reasonable probability that the result of trial would have been different in this case [3] if either the trial defense counsel or military judge had inspected SSG N's military personnel file. First, there is no evidence that the trial counsel, albeit belatedly, failed to disclose all potentially exculpatory or impeachment material in SSG N's file. *See Briggs,* 48 M.J. at 144. Appellate defense counsel have not contested either the accuracy or honesty of trial counsel's representation to the trial court concerning the quantity or quality of unfavorable information contained in SSG N's personnel file. Defense counsel received a copy of the one item of unfavorable information that she believed existed and to which she was entitled.

Second, the evidence before the factfinders clearly showed both personal and professional animosity between appellant and SSG N. Staff Sergeant N was SSG Kelly's replacement at Fort Benning. During their period of transition, prior to appellant's scheduled departure for warrant officer candidate school, their differing leadership styles and opinions of their subordinate personnel led to conflict. Defense counsel exploited this conflict, as well as SSG N's personal investigation of appellant's housing situation, to show SSG N was "out to get" SSG Kelly.

As there were no eyewitnesses to the alleged threat, the credibility of the two NCOs was critical to both sides. Appellant testified that he was not even in the area on the date and at the time he allegedly threatened SSG N. The victim and Captain Martindale, an impartial observer and SSG N's supervisor, testified otherwise. Captain Martindale saw both appellant and SSG N leave the building in which she and SSG N worked at the time the victim reported the threat occurred. Captain Martindale also testified that SSG N was visibly upset and shaken when he reported the threat to her. This report occurred immediately after the threat was made.

Finally, defense counsel's cross-examination of the victim was thorough, but never referred directly to the unfavorable NCOER or addendum thereto. Defense counsel's attempt to question the victim about an equal opportunity complaint, that may have been the impetus for the unfavorable letter in his personnel file, was objectionable and properly kept out of evidence.

Pursuant to our Article 66, UCMJ, 10 U.S.C. § 866, mandate, we have carefully reviewed the evidence and find that it establishes appellant's guilt to all offenses for which he was convicted beyond a reasonable doubt.

We find appellant is within the class of persons who are entitled to protection under *Gorski,* 47 M.J. 370. Our original decision and its decretal paragraph of 10 June 1998 remain in effect. *See United States v. Ginn,* 47 M.J. 236, 238 n. 2. In accordance with the Order of the United States Court of Appeals for the Armed Forces, dated 29 April 1999, the *Gorski* issue is referred to The Judge Advocate General for appropriate disposition. Accordingly, The Judge Advocate General will determine the amount of relief, if any, that is warranted, subject to any setoffs that may arise under law or regulations. There is no requirement that this matter be returned to the court.

Judge MERCK and Judge TRANT concur.

### Appendix

#### 10 June 1998

Before JOHNSTON, SQUIRES, and ECKER, Appellate Military Judges.

MEMORANDUM OPINION

PER CURIAM:

Pursuant to his pleas, appellant was convicted of three specifications involving larce-

---

**3.** *See Bagley,* 473 U.S. 667, 105 S.Ct. 3375, 87 L.Ed.2d 481.

ny of basic allowance for quarters (BAQ) and three specifications of fraud, in violation of Articles 121 and 132, Uniform Code of Military Justice, 10 U.S.C. §§ 921 and 932 (1988) [hereinafter UCMJ]. Contrary to his plea, a panel of officers and enlisted members convicted Staff Sergeant (SSG) Kelly of communicating a threat in violation of Article 134, UCMJ, 10 U.S.C. § 934 (1988). Staff Sergeant Kelly was sentenced to a dishonorable discharge, confinement for one year, forfeiture of all pay and allowances, and reduction to Private El. The convening authority approved the sentence, and in an act of clemency, suspended the confinement in excess of six months for one year.

Appellant raises six claims of error either through appellate defense counsel or personally pursuant to *United States v. Grostefon,* 12 M.J. 431 (C.M.A.1982). We find merit only in the contention that, under the facts of this case, appellant cannot properly be convicted of both making and presenting a fraudulent claim.

The facts are not in dispute. Appellant, by stipulation and oral admissions, established that he prepared a fraudulent Department of the Army Form 5960 (Authorization to Start, Stop, or Change Basic Allowance for Quarters (BAQ) and/or Variable Housing Allowance (VHA))(Specification 1, Charge II) and then immediately handed that form to a finance clerk for payment (Specification 2, Charge II). At trial, defense counsel moved to treat these specifications as either multiplicious or as an unreasonable multiplication of charges. The military judge denied the motion.

The making and the presenting of a fraudulent claim, in violation of Article 132(1)(A) and (B), UCMJ, respectively, represent separate offenses. *United States v. Steele,* 2 U.S.C.M.A. 379, 9 C.M.R. 9, 1953 WL 2595 (1953); *United States v. Leach,* 5 U.S.C.M.A. 466, 18 C.M.R. 90, 1955 WL 3289 (1955). *See also* Legal and Legislative Basis, Manual for Courts-Martial, United States, 1951 at 291, 292. However, case law also holds that under some circumstances, these offenses are so interrelated as to be virtually indistinguishable, thereby becoming but one offense. *Leach,* 18 C.M.R. at 94; *United States v. Thompson,* 24 C.M.R. 553, 1957 WL 4846 (A.F.B.R.1957). *Accord,* Rule for Courts–Martial 307(c)(4) discussion ("What is substantially one transaction should not be made the basis for an unreasonable multiplication of charges ..."). In appellant's case, he **simultaneously** made and presented the fraudulent claim. Accordingly, he committed only one offense.

Specifications 1 and 2 of Charge II are consolidated by inserting into Specification 1 the words "and presenting" after the word "preparing" and deleting the words "for presentation."

The finding of guilty of Specification 1 of Charge II, as so amended, is affirmed. The finding of guilty of Specification 2 of Charge II is set aside and that Specification is dismissed. The remaining findings of guilty are affirmed. Reassessing the sentence in light of the error noted and the entire record, the court affirms the sentence. *See United States v. Sales,* 22 M.J. 305 (C.M.A.1986).