11 WRIT GRANTED.
When a defendant moves for production of the juvenile records of a witness the trial court is called upon to determine whether the impeachment value of these adjudications is outweighed by the state’s interest in maintaining the confidentiality of juvenile records. Davis v. Alaska, 415 U.S. 308, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1974); State v. Toledano, 391 So.2d 817 (La.1980). As we have explained: “The *990 critical question in cases involving a witness’s juvenile record and the sixth amendment right to confrontation is whether the defendant will be precluded from utilizing a method of impeachment that would be effective in the circumstances of his case were the juvenile record available to defendant.” State v. Smith, 437 So.2d 802, 804 (La.1983). In reviewing juvenile records, the issue thus becomes whether the witness’s juvenile adjudications have such discrediting value that there is a reasonable likelihood it would affect the verdict. State v. Toledano, supra, 391 So.2d at 820. That determination can only be made after an examination of the juvenile record by the trial court and preservation of that record for review. State v. Hillard, 398 So.2d 1057, 1060 (La.1981). In the instant case, the Court of Appeal denied the defendant’s application for writs from the trial court’s ruling denying production of the juvenile records of two of the State’s primary witnesses without first reviewing those records, under seal, to determine if the trial court’s ruling with respect to the materiality of the Dprior juvenile adjudications was the correct one. This was error. The Court of Appeal’s writ denial in this matter is therefore vacated and this case is remanded to the Court of Appeal for the purpose of obtaining the juvenile records, under seal, and reviewing those records to determine whether the trial court erred in denying their production.
KIMBALL, J., would deny the writ.
TRAYLOR, J., would deny the writ.