# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
JOHNSON, BERG,[1] and KRAUSS
Appellate Military Judges

**UNITED STATES, Appellant**
**v.**
**Sergeant ERIC W. COOPER**
**United States Army, Appellee**

ARMY MISC 20110914

Headquarters, 3rd Infantry Division and Fort Stewart
Tiernan Dolan, Military Judge
Lieutenant Colonel Michael K. Herring, Staff Judge Advocate

For Appellee: Lieutenant Colonel Peter Kageleiry, Jr., JA (argued); Lieutenant Colonel Imogene M. Jamison, JA; Major Jacob D. Bashore, JA; Lieutenant Colonel Peter Kageleiry, Jr., JA (on brief).

For Appellant: Captain John D. Riesenberg, JA (argued); Major Ellen Jennings, JA; Captain Chad M. Fisher, JA; Captain John D. Riesenberg, JA (on brief).

21 December 2011

-------------------------------------------------------------------------
MEMORANDUM OPINION AND ACTION ON APPEAL
BY THE UNITED STATES FILED PURSUANT TO
ARTICLE 62, UNIFORM CODE OF MILITARY JUSTICE
-------------------------------------------------------------------------

*This opinion is issued as an unpublished opinion and, as such, does not serve as precedent.*

KRAUSS, Judge:

Appellee is charged with attempted sodomy, aggravated sexual assault, aggravated sexual contact, two specifications of abusive sexual contact, five specifications of indecent conduct and five specifications of wrongful sexual contact in violation of Articles 80 and 120, Uniform Code of Military Justice, 10 U.S.C. §§ 880 and 920 [hereinafter UCMJ]. The United States filed a timely appeal with this court pursuant to Article 62, UCMJ, contending that the military judge abused his discretion by suppressing statements made by the accused to special agents of the

---

[1] Judge BERG took final action in this case while on active duty.

Army Criminal Investigation Command (CID) on 23 September 2010. After hearing evidence and argument on the matter, the military judge found that the accused's statements were taken in violation of Article 31(b) in that the CID agents failed to "scrupulously honor" the accused's right to remain silent and that the same statements were involuntary and therefore suppressed. We find the military judge's findings of fact and conclusions of fact and law ambiguous and incomplete on predicate issues relative to rights warnings issued subsequent to the accused's original invocation of the right to remain silent and the waiver of that right. Therefore, we must return the matter to the military judge for clarification and action in accordance with the decision below.

## BACKGROUND

Suspected of sexually molesting his step-daughter, the accused was taken into custody by military police very early on the morning of 23 September 2010 and subsequently interviewed successively by two CID special agents over the course of several hours. This interrogation was preceded by the accused's invocation of his right to remain silent but proceeded under what remains to be an ambiguous set of circumstances relative to continuous communication between the accused and one special agent and what may or may not have been a subsequent valid waiver of the accused's right to remain silent. Ultimately, the accused again invoked his right to remain silent whereupon the second special agent who had taken over the interrogation again proceeded to subject the accused to a brief series of questions.

Defense properly moved to suppress the accused's statements under Military Rule of Evidence [hereinafter Mil. R. Evid.] 304. After hearing testimony from the two special agents in question, a military police investigator, and the accused, and receiving attachments to the defense motion, including a transcript of the Article 32 hearing, the military judge suppressed the accused's statements. The military judge found that CID agents failed to "scrupulously honor" the accused's right to remain silent, thus violating his rights under Article 31, UCMJ, and that the government failed to establish by a preponderance of the evidence that the accused's statement was voluntary. The military judge issued findings of fact and conclusions of fact and law accordingly.

The government, acting within its discretion under Article 62(a)(1)(B), UCMJ, appealed the judge's decision complaining, in essence, that the judge failed to apply the proper law and legal analysis to the question under Article 31, and that his separate conclusion that the accused's statement was involuntary is clearly unreasonable.

### Military Judge's Findings and Conclusions

The judge's essential findings of fact on the subject are as follows:

At around 0340, [Special Agent S.] read the accused his rights using a DA Form 3881. During this time, the accused repeatedly asked what the allegations were, and what his daughter had said about him. [Special Agent S.] deferred answering, and correctly apprised him of what he was suspected using the front of the form. The accused read each of his rights on the back of the form, understood them, and unequivocally invoked his right to remain silent. [Special Agent S.] did not terminate the interview at that point, because near concurrent with his invocation of his right to remain silent, the accused again asked about the allegations against him. [Special Agent S.] responded that she could not or would not inform him of those allegations if the accused was unwilling to continue the interview. [Special Agent S.] did not leave the interview room or indicate unequivocally that the interview was terminated. In response to [Special Agent S.]'s statement, SGT Cooper indicated he was willing to "tell his side of the story," and signified his agreement to talk to the CID by signing the DA 3881 at 0352.

After the waiver of rights, [Special Agent S.] interrogated the accused for about an hour[,] during which time the accused largely denied the allegations against him. . . .

. . . She did not tell [Special Agent K.] that the accused had initially asserted his right to remain silent.

The judge's essential conclusions on the matter are as follows:

The court finds that SGT Cooper's statement was taken in violation of Article 31(b) because [Special Agent S.] did not scrupulously honor SGT Cooper's invocation of his right to remain silent. Two distinct reasons support this finding: 1) [Special Agent S.] did not break contact with SGT Cooper upon his invocation of his right to remain silent, and 2) [Special Agent S.] continued her interrogation of SGT Cooper upon the invocation. Each of these two reasons stands independently as a violation of Article 31(b).

. . . .

. . . The court finds that [Special Agent S.] should have known that her statement to the accused would lead, at a minimum, to SGT Cooper reconsidering his decision to remain silent. [Special Agent S.] should have known that her statement was inconsistent with her duty to "scrupulously honor" SGT Cooper's invocation, in that her

statement was reasonably likely to induce SGT Cooper to discuss the allegations against him. . . . The statement is precisely the sort of "subtle conversation" that Mil. R. Evid. 305(b)(2) was designed to thwart. *United States v. Ruiz*, 54 M.J. 138, 141 (C.A.A.F. 2000).

## LAW AND DISSCUSSION

### Standard of Review

As the Court of Appeals for the Armed Forces recently reiterated, in *United States v. Baker*, 70 M.J. 283, 287–88 (C.A.A.F. 2011) the standard of review we apply in such a case is necessarily deferential:

> "We review a military judge's ruling on a motion to suppress for abuse of discretion." *United States v. Rodriguez*, 60 M.J. 239, 246 (C.A.A.F. 2004) (citing *United States v. Monroe*, 52 M.J. 326, 330 (C.A.A.F. 2000)). "In reviewing a military judge's ruling on a motion to suppress, we review factfinding under the clearly-erroneous standard and conclusions of law under the de novo standard." *United States v. Ayala*, 43 M.J. 296, 298 (C.A.A.F. 1995). "Thus on a mixed question of law and fact . . . a military judge abuses his discretion if his findings of fact are clearly erroneous or his conclusions of law are incorrect." *Id.* The abuse of discretion standard calls "for more than a mere difference of opinion. The challenged action must be 'arbitrary, fanciful, clearly unreasonable, or clearly erroneous.'" *United States v. White*, 69 M.J. 236, 239 (C.A.A.F. 2010) (quoting *United States v. Lloyd*, 69 M.J. 95, 99 (C.A.A.F. 2010)).

> When reviewing matters under Article 62(b), UCMJ, the lower court may act only with respect to matters of law. *United States v. Gore*, 60 M.J. 178, 185 (C.A.A.F. 2004). "When a court is limited to reviewing matters of law, the question is not whether a reviewing court might disagree with the trial court's findings, but whether those findings are 'fairly supported by the record.'" *Id.* (quoting *United States v. Burris*, 21 M.J. 140, 144 (C.M.A. 1985)). When reviewing a ruling on a motion to suppress, "we consider the evidence in the light most favorable to the prevailing party." *United States v. Cowgill*, 68 M.J. 388, 390 (C.A.A.F. 2010) (quoting *United States v. Reister,* 44 M.J. 409, 413 (C.A.A.F. 1996)).

However, "[i]f the findings are incomplete or ambiguous, the 'appropriate remedy . . . is a remand for clarification' or additional findings." *United States v. Lincoln*, 42 M.J. 315, 320 (C.A.A.F. 1995) (quoting *United States v. Kosek*, 41 M.J. 60, 64 (C.M.A. 1994)).

### Article 31, UCMJ, and the Obligation to
### 'Scrupulously Honor' the Right to Remain Silent

The military judge properly addressed the issue surrounding the accused's invocation of the right to remain silent under *Michigan v. Mosley*, 423 U.S. 96 (1975) rather than under the right to counsel cases of *Oregon v. Bradshaw*, 462 U.S. 1039 (1983) and *Edwards v. Arizona*, 451 U.S. 477 (1981).[2] In *Mosley*, the Court ruled that "the admissibility of statements obtained after the person in custody has decided to remain silent" must be determined by looking to the totality of the circumstances indicating whether the accused's "'right to cut off questioning' was 'scrupulously honored.'" *Id.* at 104. *See Watkins*, 34 M.J. at 345–46. One critical factor in the analysis of this situation is the fact, nature, and efficacy of any subsequent rights warnings and the extent to which any waiver of the right to remain silent after such was valid under the circumstances. *See Watkins*, 34 M.J. at 346 (citing cases on the break in contact factor that nevertheless involved analysis of all relevant factors including second set of rights warnings and waiver). *See also United States v. Thompson*, 866 F.2d 268, 271–72 (8th Cir. 1989). *Compare State v. Hartley*, 103 N.J. 252, 265–71 (N.J. 1986) (adopting a bright-line rule on fresh warnings, analyzing *Mosley*, collecting cases, and offering a totality of circumstances analysis in the alternative), *and State v. Fuller*, 118 N.J. 75 (N.J. 1990) (declining to extend that bright-line rule to situations where the accused initiates dialogue with the authorities regarding the investigation), *with United States v. Thongsophaporn*, 503 F.3d 51, 56–57 (1st Cir. 2007) (applying totality of circumstances test, including second set of rights warnings as factor).

The appellant points to the record of trial and asserts that a fresh set of rights warnings was effectively rendered and that the accused knowingly, intelligently, and voluntarily waived those rights. However, the judge's findings are incomplete. He makes reference to the accused signing a DA Form 3881 (rights warning form) and a "waiver of rights" only. He does not make any findings as to the extent to which Special Agent S. actually again warned the accused of his rights. We cannot find the facts necessary to review the matter by reference to the record. *See Baker*, 70 M.J. at 290; *Lincoln*, 42 M.J. at 320. The military judge must find whether and to what extent the purported fresh set of warnings was rendered; and, in any event, the judge must also conclude whether the accused's waiver was knowing, intelligent, and voluntary.

---

[2] Though it is correct to recognize that the *Edwards/Bradshaw* analysis relative to a suspect's initiation or re-initiation of communication with the police may overlap or merge with a *Mosley* analysis, the ultimate question remains whether, under the circumstances, the right to silence was "scrupulously honored." *See, e.g.*, *United States v. Seay*, 60 M.J. 73, 77–78 (C.A.A.F. 2004); *United States v. Watkins*, 34 M.J. 344, 346 (C.M.A. 1992). *See also, e.g.*, *Christopher v. Florida*, 824 F.2d 836 (11th Cir. 1987).

Complicating matters further, the military judge overstated the necessity of a break in contact under the law (App. Ex. XLVII, p. 5). Though a break in contact and time between interrogations is relevant under a totality of circumstances analysis, it is not dispositive. *See Watkins*, 34 M.J. at 345–46. Under the totality of circumstances analysis required under our law, no single factor is necessarily dispositive but rather all are relevant for the judge to consider when deciding whether under the particular circumstances of the case before him the accused's right to silence was scrupulously honored. *Mosley*, 423 U.S. at 104; *Watkins*, 34 M.J. at 345–46. *See also, e.g.*, *United States v. Hsu*, 852 F.2d 407, 409–10 (9th Cir. 1988). That analysis must include findings as to the fact, nature, and quality of a fresh set of rights warnings and whether the accused waived those rights in a knowing, intelligent, and voluntary manner. This is especially true in a case where the judge has already made certain credibility determinations but remained silent as to the credibility of Special Agent S.'s testimony directly related to the purported second set of rights warnings.[3]

Ambiguity also arises with respect to the judge's reliance upon authority in cases where rights warnings are not rendered at all (App. Ex. XLVII, pp. 4, 7). *See United States v. Ruiz*, 54 M.J. 138 (2000). Despite findings establishing a waiver, the judge's conclusions are empty of any reference to the accused's waiver of rights. It is unclear whether the judge found a waiver of the original set of warnings only and no fresh set of warnings at all, or whether the judge found the second set incomplete or whether the judge found the waiver knowing, intelligent, and voluntary.[4]

Restricted as we are by the standard of review, and similarly unable to deny the government's appeal on the ground that the prevailing party offered an alternative basis to uphold the judge's action, we return the record for action in accordance with the preceding discussion. *Lincoln*, 42 M.J. at 320–22.

## CONCLUSION

Because the military judge made incomplete findings of fact and conclusions of law on the subject of a fresh set of rights warnings, and waiver of the right to

---

[3] The military judge found SGT Cooper's testimony about the invocation of his right to remain silent lacking credibility and the testimony of Special Agent S. on whether he invoked the right initially or merely expressed no desire for a lawyer similarly lacking credibility (App. Ex. XLVII, p. 7).

[4] It is important to note that the judge makes no reference to this waiver of rights in the section of his ruling relative to voluntariness though recognizing that rights warnings are a relevant factor in determining whether a statement is voluntary by reference to *Schneckloth v. Bustamonte*, 412 U.S. 218 (1973).

remain silent in any event, we are constrained in our ability to review the judge's decisions on whether, under the circumstances, the accused's right to remain silent was scrupulously honored and whether, under the totality of the circumstances, the accused's statement was involuntary. The decision of the military judge is therefore set aside. We make no ruling as to the admissibility of the statements in question but rather return the record of trial to the military judge for reconsideration of his ruling in light of the preceding discussion. The judge may, *sua sponte* or on request of a party, permit additional evidence and argument on the question of the second iteration of rights warnings, on the question of waiver of those rights, whether warned once or twice, or any other legal issues, and make findings of fact and conclusions of law thereon. The trial may then proceed or the government may again pursue appeal under Article 62, UCMJ.

Senior Judge JOHNSON and Judge BERG concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court