UNITED STATES, Appellee

v.

Chantay P. WHITE, Major
U.S. Air Force, Appellant

No. 10-0182

Crim. App. No. 37282

United States Court of Appeals for the Armed Forces

Argued October 5, 2010

Decided December 2, 2010

ERDMANN, J., delivered the opinion of the court, in which
EFFRON, C.J., and BAKER, STUCKY and RYAN, JJ., joined.


Counsel

For Appellant:  Captain Phillip T. Korman (argued); Colonel
James B. Roan and Major Shannon A. Bennett (on brief); Colonel
Eric N. Eklund.

For Appellee:  Captain Charles G. Warren (argued); Colonel
Douglas P. Cordova and Gerald R. Bruce, Esq. (on brief); Colonel
Don M. Christensen.

Military Judge:  Stephen R. Woody


**This opinion is subject to revision before final publication.**

United States v. White, No. 10-0182/AF

Judge ERDMANN delivered the opinion of the court.

At a general court-martial composed of members, Major Chantay P. White was convicted of one specification of signing a false official record and one specification of signing a false official document, in violation of Article 107, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 907 (2006).  White was sentenced to a dismissal.  The convening authority approved the sentence and the United States Air Force Court of Criminal Appeals affirmed the findings and sentence.  United States v. White, No. ACM 37282, 2009 CCA LEXIS 421, at *11, 2009 WL 4110862, at *4 (A.F. Ct. Crim. App. Oct. 21, 2009).

Defendants do not have a constitutional right to present any and all evidence, but only that evidence which is logically and legally relevant.  United States v. Dimberio, 56 M.J. 20, 24 (C.A.A.F. 2001).  We granted review to determine whether the military judge abused his discretion when he excluded, as not relevant, evidence proffered by the defense.[1]

---

[1] We granted review of the following issues:

> I.   Whether the military judge abused his discretion and violated Appellant's right to due process and a fair trial by erroneously excluding as irrelevant Appellant's previously completed Army credentialing forms which provided insight into Appellant's intent completing such credentialing forms.
>
> II.  Whether the trial judge abused his discretion and denied Appellant due process and her right to a fair trial by erroneously excluding

We find no error and affirm the decision of the Air Force Court of Criminal Appeals.

## Background

In August 1986, when White was a teenager employed by the Post Office, she was indicted in United States district court on one count of embezzling mail, one count of embezzling United States property, and one count of obstructing the passage of mail. The first charge was a felony and the second and third charges were misdemeanors. White pleaded guilty in March 1987 to the misdemeanor obstructing the passage of mail charge and was placed on probation for three years. The other two charges were dismissed.

White entered the Army in 1995 and transferred to the Air Force in 2003. During her period of service, White worked in the medical area as a social worker and at the time of these charges she was a licensed clinical social worker. Medical professionals in the military are required to complete various "credentialing" forms which document their background, professional education, and licenses. When White entered the Army in 1995, she completed an Army form entitled "Statement of Health and Professional Status." Amongst other questions, that

---

relevant lay opinions of Question D on Section VIII of AF Form (FM) 1540.

United States v. White, 69 M.J. 91 (C.A.A.F. 2010) (order granting review).

form asked "Have you ever been convicted of an offense or been liable in a civil suit?" White answered "yes" to that question. During her Army career, White also completed "Malpractice and Privileges Questionnaires" in 1996, 1997, 1999, 2000, and 2002, and a "Privileging Questionnaire" in 1998. None of these subsequent Army questionnaires contained any questions about an applicant's criminal history.

After White transferred to the Air Force she completed additional credentialing forms, including an Air Force Form 1540 "Application for Clinical Privileges/Medical Staff Appointment" (AF Form 1540) in September 2006. Question D in Section VIII, "Practice History" of that form asked "Have you ever been a defendant in a felony or misdemeanor case?" White answered "no" to that question. White also completed an Electronic Questionnaire for Investigations Processing (e-QIP) in March 2007 as part of her application for a security clearance. Section 23 of the questionnaire is entitled, "Your Police Record" and contained the question, "Have you ever been charged with or convicted of any felony offense?" White also answered "no" to that question. White's answers to those questions were false as she had been charged with a felony and had pleaded guilty to a misdemeanor.

In September 2007, a number of criminal charges were preferred against White, including three specifications of

4

failure to go to her appointed place of duty, disobeying a lawful order, making a false official statement, and conduct unbecoming an officer.[2] In January 2008, while the original charges were pending, an additional charge was preferred against White which contained one specification of signing a false official record relating to her response on the security questionnaire and one specification of signing a false official document relating to her response on the AF Form 1540.

At a pretrial Article 39(a), UCMJ, 10 U.S.C. § 839(a) (2006), hearing convened to hear the defense evidentiary motions, White's defense counsel moved to admit the following: an exhibit which contained seven of White's Army credentialing forms (the 1995 "Statement of Health and Professional Status"; the 1996, 1997, 1999, 2000, and 2002 "Malpractice and Privileges Questionnaires"; and the 1998 "Privileges Questionnaire"); stipulations of expected testimony from an Air Force social worker and an Air Force medical credentials manager, in which they provided their opinion of the meaning of the criminal history question on AF Form 1540; and the testimony (which the defense anticipated being admitted by video teleconferencing at trial) of an Air Force nurse as to her opinion of the meaning of the criminal history question on AF Form 1540.

---

[2] These charges arose from incidents that occurred in January 2007 and are unrelated to the charges at issue in this appeal. White was found not guilty of the original charges.

At the Article 39(a), UCMJ, hearing, defense counsel argued the credentialing forms were relevant and admissible. Noting that the 1995 Army "Statement of Health and Professional Status" asked if White had ever been convicted of a crime and she had answered "yes," defense counsel argued that her affirmative answer on this form would allow the trier of fact to infer she had no motive to lie because she had previously disclosed her criminal history. While conceding that the other Army credentialing forms did not include a question about criminal convictions, White's counsel argued that these forms were necessary to show the panel that White had no intent to deceive in her response on the AF Form 1540 because the Army forms showed that her Army credentialing experience had separated criminal history questions from practice history and medical credentialing questions.

The Government objected to the documents on relevancy grounds, arguing that while the 1995 Army "Statement of Health and Professional Status" form did ask about criminal history, it was not relevant to White's response in a different Air Force form. Trial counsel argued that since the remaining Army credentialing forms contained no questions on criminal history, they had no bearing on White's response to the criminal history question on the Air Force form and were not relevant to whether she had an intent to deceive when completing the AF Form 1540.

The military judge admitted the 1995 "Statement of Health and Professional Status" in which White had answered "yes" to the question of her criminal history. He ruled it had limited relevance with respect to White's intent to deceive, but no relevance to her state of mind as to mistake. The military judge did not admit the remaining credentialing forms, stating that the difference in format and lack of any questions regarding convictions or offenses rendered them not relevant to the charged offenses.

As to the two stipulations of expected testimony and the anticipated testimony of the Air Force nurse, defense counsel argued that their testimony would provide lay opinions regarding their interpretation of the criminal history question on AF Form 1540, specifically that they interpreted that question to refer only to convictions which occurred during the applicant's practice history. Defense counsel argued that these lay opinions were important to give the trier of fact an alternate explanation for White's state of mind as to whether or not she knew the statement was false when she was filling out the form.

The Government responded that the proposed testimony was not relevant because none of the witnesses had discussed their opinions as to the meaning of the question with White before she filled out the form. Responding to questions from the military judge, defense counsel acknowledged the witnesses would testify

7

only to their personal interpretations of the question and not to any conversation they had with White.

The military judge denied the motion to admit the two stipulations of expected testimony and the anticipated testimony as not relevant. The Air Force Court of Criminal Appeals agreed with the military judge's evidentiary rulings and found no abuse of discretion. White, 2009 CCA LEXIS 421, at *7, 2009 WL 4110862, at *3.

## Discussion

Before this court White renews her arguments that the military judge erred in not admitting all of the Army credentialing forms and the stipulated and anticipated testimony proffered by the defense. White argues that the evidence was relevant and constitutionally necessary to her defense. White asks this court to reverse the Court of Criminal Appeals and set aside the finding of guilty to the false official document specification relating to Air Force Form 1540. She does not challenge nor ask for relief as to the false official document specification relating to the security questionnaire.

## Army Credentialing Forms

White renews many of the arguments she raised before the military judge and the Court of Criminal Appeals. She argues that the excluded Army credentialing forms reflected her extensive background in completing these types of forms and

would establish her general state of mind as to the credentialing process.  She urges that these forms "likely informed her understanding of Air Force credentialing process" and her interpretation of the criminal history question.

"An accused at a court-martial is entitled to present relevant evidence that is not otherwise inadmissible."  United States v. Roberson, 65 M.J. 43, 45 (C.A.A.F. 2007).  Military Rule of Evidence (M.R.E.) 401 provides that relevant evidence "means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."  Relevant evidence is admissible; evidence that is not relevant is not admissible.  M.R.E. 402.  The relevance standard is a low threshold.  United States v. Reece, 25 M.J. 93, 95 (C.M.A. 1987).

The military judge has the initial responsibility to determine whether evidence is relevant within the meaning of M.R.E. 401.  This court reviews a military judge's decision to admit or exclude evidence for an abuse of discretion.  United States v. Ediger, 68 M.J. 243, 248 (C.A.A.F. 2010).  "The abuse of discretion standard is a strict one, calling for more than a mere difference of opinion.  The challenged action must be 'arbitrary, fanciful, clearly unreasonable, or clearly erroneous.'"  United States v. Lloyd, 69 M.J. 95, 99 (C.A.A.F.

2010) (citations and quotation marks omitted).  The military judge's findings of fact are reviewed under a clearly erroneous standard and conclusions of law, de novo.  United States v. Ayala, 43 M.J. 296, 298 (C.A.A.F. 1995).  If the court finds the military judge abused his discretion, it then reviews the prejudicial effect of the ruling de novo.  Roberson, 65 M.J. at 47.

Following extensive argument on the motion to admit the credentialing forms the military judge held:

> With respect to the remaining [credentialing] documents . . . I will not allow that and sustain the government's objection to those.  Those will not be admitted.  They are certainly different in format, and I have no question, in my mind, they are in any way related or relevant to the matters in issue before the court members.  There are no questions about convictions or offenses or anything else, and I do not believe that they are relevant with respect to any of the charged offenses.

While the excluded Army forms were credentialing forms, they were different in format and content from AF Form 1540 and did not contain any questions concerning an applicant's criminal history.  In addition, these forms were completed by White four to ten years prior to her completing the AF Form 1540 in 2006.  The excluded forms contained no information that would make the existence of a fact at issue -- here White's intent to deceive -- more or less probable.  At best, White could only argue that the form "likely informed her understanding of the Air Force credentialing process." (Emphasis supplied.)  The military

judge's ruling that the forms were not relevant was not an abuse of discretion.

## Lay Opinions

White again renews the arguments she made before the military judge and Court of Criminal Appeals.  She argues that the three proffered lay opinions as to the meaning of the criminal history question were relevant to determine the meaning of the question and whether she made a false statement.  While White does not argue that she was influenced by her co-workers' opinions, she argues that their opinions were relevant to a general understanding of the criminal history question and that she "may have honestly shared their interpretation as a provider with credentialing experience."

As with the excluded credentialing forms, in order to be relevant the lay opinions must have some nexus to White and her state of mind when she completed the AF Form 1540.  None of the witnesses discussed their interpretations of the criminal history question with White before she completed the form.  If there had been evidence showing that these witnesses had communicated their opinions to White prior to her completing the credentialing form, the result may have been different.  However, without evidence that would have established a nexus, their opinions are merely their own and have no relation to White's state of mind or her intent when she completed the AF

1540.  See Dimberio, 56 M.J. at 27 (finding no abuse of discretion when the military judge denied a defense motion to introduce opinion testimony that lacked a sufficient nexus). The military judge did not abuse his discretion when he excluded the proffered lay testimony.

### Conclusion

We conclude that the military judge did not abuse his discretion when he excluded proffered Army credentialing forms and the stipulations of expected testimony and anticipated testimony.[3]  The decision of the United States Air Force Court of Criminal Appeals is affirmed.

---

[3] As we have upheld the military judge's decision that the evidence was not relevant, there was no need for him, or this court, to conduct a M.R.E. 403 balancing test or a constitutional prejudice analysis.