# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
JOHNSON, KRAUSS and BURTON
Appellate Military Judges

**UNITED STATES, Appellant**
**v.**
**Sergeant ERIC W. COOPER**
**United States Army, Appellee**

ARMY MISC 20110914

Headquarters, 3rd Infantry Division and Fort Stewart
Tiernan Dolan, Military Judge
Lieutenant Colonel Michael K. Herring, Staff Judge Advocate

For Appellee:  Lieutenant Colonel Peter Kageleiry, Jr., JA (argued); Lieutenant Colonel Imogene M. Jamison, JA; Major Jacob D. Bashore, JA; Lieutenant Colonel Peter Kageleiry, Jr., JA (on brief); Colonel Patricia A. Ham, JA; Lieutenant Colonel Peter Kageleiry, Jr., JA (on brief following remand).

For Appellant:  Captain John D. Riesenberg, JA (argued); Major Ellen Jennings, JA; Captain Chad M. Fisher, JA; Captain John D. Riesenberg, JA (on brief); Lieutenant Colonel Amber J. Roach, JA; Captain Chad M. Fisher, JA; Captain John D. Riesenberg, JA (on brief following remand).

14 September 2012

---------------------------------------------------------------------------
SUMMARY DISPOSITION AND ACTION ON APPEAL
BY THE UNITED STATES FILED PURSUANT TO
ARTICLE 62, UNIFORM CODE OF MILITARY JUSTICE
---------------------------------------------------------------------------

KRAUSS, Judge:

Appellee is charged with attempted sodomy, aggravated sexual assault, aggravated sexual contact, two specifications of abusive sexual contact, five specifications of indecent acts and five specifications of wrongful sexual contact  in violation of Articles 80 and 120, Uniform Code of Military Justice, 10 U.S.C. §§ 880, 920 (2006 & Supp. III 2009) [hereinafter UCMJ].  On 21 December 2011, we returned this matter to the military judge below for clarification in a decision resolving appellant's first Article 62, UCMJ, appeal of this matter. *United States v. Cooper*, ARMY MISC 20110914, 2011 WL 6760356 (Army Ct. Crim. App. 21 Dec.

2011) (mem. op.). The United States now files a second appeal under Article 62, UCMJ, upon the judge's second ruling on the same issue—the suppression of appellee's statements to special agents of the Army Criminal Investigation Command (CID) on 23 September 2010.

Pursuant to this court's previous decision on the matter, the military judge received additional testimony, considered the matter further and again decided to suppress appellee's statements. We conclude that the judge did not abuse his discretion in doing so; his relevant findings of fact are not clearly erroneous and his conclusions of law are not incorrect under the circumstances. *See United States v. Baker*, 70 M.J. 283, 287 (C.A.A.F. 2011). In addition, whether the judge again failed to do a proper job, as the government asserts, appellate defense counsel here does not. Enjoying the advantage befitting the prevailing party under the circumstances, appellee offers a legal analysis upon which we deny the government's appeal. *United States v. Lincoln*, 42 M.J. 315, 320 (C.A.A.F. 1995) (citations omitted). It is neither fanciful nor clearly unreasonable nor clearly erroneous or arbitrary to conclude that the government failed to scrupulously honor appellee's right to remain silent under the circumstances and failed to establish by a preponderance of the evidence that appellee's statements were voluntarily rendered. *See Baker*, 70 M.J. at 287 (C.A.A.F. 2011) (citing *United States v. White*, 69 M.J. 236, 239 (C.A.A.F. 2010)).

Based on the judge's findings and reasonable interpretation and characterization of the same,[*] it is fair to conclude: 1. that the appellee unambiguously invoked his right to remain silent; 2. that he enjoyed no break in contact with law enforcement agents seeking to interrogate him after that invocation; 3. that, after invocation and in light of appellee's inquiry over the allegations against him, law enforcement never sought to clarify the appellee's desire to remain silent or not but, rather; 4. sought to persuade the appellee to waive his right to remain silent, or, at the least, reconsider his position on the matter; 5. that law enforcement never advised the appellee of his right to remain silent a second time; 6. that appellee's waiver and ensuing interrogation were obtained under circumstances exploiting conditions that undermined the appellee's ability to render a voluntary statement, including appellee's fatigue, discomfort, and the custodial setting, time and duration of the interrogation; and 7. that law enforcement did not respect the appellee's right to remain silent a second time when appellee again invoked that right toward the end of the interrogation. Under the totality of these circumstances, it is no abuse of discretion to conclude that the government failed to scrupulously honor appellee's right to remain silent and to suppress the appellee's statements. *See Michigan v. Mosley*, 423 U.S. 96, 104-05 (1975), *United States v. Thongsophaporn*, 503 F.3d 51, 56–57 (1st Cir. 2007); *United States v. Hsu*, 852 F.2d 407, 409–10 (9th Cir. 1988); *Christopher v. Florida*, 824 F.2d 836, 841–47 (11th

---

[*] *See Baker*, 70 M.J. at 289-90.

COOPER—ARMY MISC 20110914

Cir. 1987); *Baker* 70 M.J. at 287–88; *White*, 69 M.J. at 239, *United States v. Watkins*, 34 M.J. 344, 345–46 (C.M.A. 1992).

Neither is it fanciful or clearly unreasonable to conclude that the government failed to meet its burden on the question of whether the appellee's statements were voluntary under the totality of circumstances available on the record before us. *Schneckloth v. Bustamonte*, 412 U.S. 218 (1973); *United States v. Martinez*, 38 M.J. 82, 86-87 (C.M.A. 1993). It is fair to conclude based on the judge's findings, and reasonable interpretation and characterization of the same, that those circumstances include: 1. the appellee's fatigue, exacerbated by the use of painkillers; 2. the appellee's physical discomfort over the course of the interrogation, exacerbated by the diminishing effects of painkillers previously taken; 3. the appellee's inability to reinforce his ability to cope with pain because the interrogation that continued at the behest of law enforcement postponed his ability to take his medication in the fashion prescribed; 4. the length of the interrogation; 5. the time of day the interrogation was conducted (0300-0900); 6. the fact that the interrogation was conducted after a midnight arrest where the appellee was roused from his bed and placed in a jail cell for about three hours before being subjected to custodial interrogation; and 7. the failure of law enforcement to respect the appellee's right to remain silent.

The appeal of the United States pursuant to Article 62, UCMJ, is therefore denied. It is not for us to substitute our judgment for the military judge but, rather, to review the matter according proper advantage to the prevailing party and proper deference to the authority necessarily and properly responsible for making such judgments at the trial level. *See Baker,* 70 M.J. at 287–88.

Judge JOHNSON and Judge BURTON concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

3