# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
KERN, ALDYKIEWICZ, and MARTIN
Appellate Military Judges

**UNITED STATES, Appellant**
**v.**
**Specialist JOHNNIE M. MCDONALD**
**United States Army, Appellee**

ARMY MISC 20130423

Headquarters, 1st Cavalry Division
Patricia Lewis, Military Judge
Lieutenant Colonel R. Tideman Penland, Jr., Staff Judge Advocate

For Appellant: Lieutenant Colonel Amber J. Roach, JA; Captain Chad M. Fisher, JA; Captain Kenneth W. Borgnino, JA (on brief).

For Appellee: Lieutenant Colonel Peter Kageleiry, Jr., JA; Major Richard E. Gorini, JA; Captain Matthew M. Jones, JA (on brief).

24 June 2013

---

MEMORANDUM OPINION AND ACTION ON APPEAL
BY THE UNITED STATES FILED PURSUANT TO
ARTICLE 62, UNIFORM CODE OF MILITARY JUSTICE

---

*This opinion is issued as an unpublished opinion and, as such, does not serve as precedent.*

KERN, Senior Judge:

Appellee is charged with wrongfully possessing child pornography and obstructing justice in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934 (2012) [hereinafter UCMJ]. *See Manual for Courts-Martial, United States* (2012 ed.), pt. IV, ¶¶ 68.b., 96.b. The United States filed a timely appeal with this court pursuant to Article 62, UCMJ, contending that the military judge abused her discretion by suppressing a written statement made by the accused to a special agent of the Army Criminal Investigation Command (CID) on 20 May 2012. After hearing evidence and argument on the matter, the military judge essentially found that because earlier statements of appellee were coerced and received in violation of his rights, the 20 May 2012 statement was inadmissible as "fruit of the poisonous tree." Upon our review, we conclude the military judge's findings are incomplete, ambiguous, and unsupported by the record on the predicate issues of

whether appellee's 20 May 2012 statement was voluntary, tainted by appellee's prior statement, or inevitable. Therefore, we must return the matter to the military judge for clarification and action in accordance with our opinion below.

## BACKGROUND

The defense filed a pretrial motion to suppress inculpatory statements appellee made to law enforcement during the investigation into appellee's suspected possession of child pornography. During an Article 39(a), UCMJ, hearing, Specialist (SPC) AH, a military policeman, and Staff Sergeant (SSG) NR, appellee's supervisor, testified concerning the first set of appellee's statements. Specialist AH testified that on 15 May 2012 appellee was asked to turn over his laptop to military police investigator D. When doing so, SPC AH testified that he saw appellee removing something from the laptop, which SPC AH believed to be the laptop's hard drive. Both SPC AH and SSG NR testified that they then observed appellee near a large vehicle and SSG NR testified that she heard metal clanging in the area of the fuel tank. Specialist AH testified that he asked appellee several times where he hid the laptop's hard drive, and appellee responded that he did not have a hard drive. Staff Sergeant NR testified that she then told appellee to tell them where the hard drive was, at which time appellee responded that it was in the vehicle fuel tank. The defense sought to suppress this first set of unwarned statements about the location of the laptop hard drive.

The defense also sought to suppress a subsequent, written statement made by appellee on 20 May 2012 to Special Agent (SA) AP, an Army CID investigator. During the Article 39(a) suppression hearing, SA AP testified that he interviewed appellee about his suspected possession of child pornography. SA AP testified that before interviewing appellee, he warned him of his Article 31(b), UCMJ, rights, which appellee waived in writing. Appellee then provided a statement which included admissions that he wrongfully possessed child pornography on his laptop hard drive and that he hid the hard drive in a vehicle fuel tank. In its motion to suppress, the defense argued that this written statement should be suppressed because it was derivative of appellee's earlier involuntary statements regarding the location of the laptop hard drive.

Following the suppression hearing, and in written findings and conclusions prepared later, the military judge granted the defense motion to suppress appellee's statements.[1] As for appellee's 15 May 2012 statement regarding the location of the hard drive, the military judge ruled that it was unwarned, coerced, and therefore

---

[1] The defense also moved to suppress the laptop hard drive, which the military judge denied on the grounds of inevitable discovery.

inadmissible. The government does not appeal the military judge's decision that appellee's 15 May 2012 statements are inadmissible.

Having found appellee's 15 May 2012 statement was coerced, the military judge then considered whether appellee's subsequent written statement on 20 May 2012 was admissible. On that issue, the military judge made the following findings of fact:

> SA [AP] had the information about the missing hard drive and the search that ensued to recover said hard drive.
>
> When SA [AP] read SPC McDonald his Article 31 rights, he asked SPC McDonald if he received Article 31 rights within the past 30 days. SPC McDonald stated he had, referring to the rights that were read to him after he was taken into custody.
>
> Neither Investigator [D] nor SPC [AH] informed SA [AP] that the search and the statements made by SPC McDonald were done without the reading of his Article 31 rights. Consequently, SA [AP] was unaware of the issue and did not provide a cleansing statement for the search of the hard drive or statements made about the hard drive's location or how the hard drive would [sic] up in the gas tank of the vehicle.
>
> . . . .
>
> In this case, while several days had passed [between the 15 May 2012 statements and this statement], the accused did not have the advantage of speaking with an attorney to at least know what his rights were regarding making either the first statement or the second statement to the MPs or CID. Further, SA [AP] did not make the accused aware of his rights with a proper cleansing statement, because he was unaware of the incidents (e.g., the lack of a rights warning before the questioning and the search and seizure of the laptop) that took place during the retrieval of the hard drive.

Based on her findings of fact, the military judge found that appellee's 20 May 2012 written statement to SA AP was presumptively tainted and that the government did not prove by a preponderance of the evidence the statement was voluntary and not obtained using appellee's earlier statements. Therefore, the military judge ruled appellee's 20 May 2012 written statement to SA AP was inadmissible as "fruit of the poisonous tree." The government, acting within its discretion under Article

62(a)(1)(B), UCMJ, appealed the military judge's ruling to suppress appellee's written statement.

## LAW

"'[A] confession is not automatically inadmissible, even though it was made after another confession which was clearly involuntary. The prosecution must rebut the presumption that the later confession was the result of the same influence which led to the prior confession.'" *United States v. Cuento*, 60 M.J. 106, 108 (C.A.A.F. 2004) (quoting *United States v. Spaulding*, 29 M.J. 156, 160 (C.M.A. 1989)). "Where a confession is obtained at a lawful interrogation that comes after an earlier interrogation in which a confession was obtained due to *actual* coercion, duress, or inducement, the subsequent confession is presumptively tainted as a product of the earlier." *United States v. Phillips*, 32 M.J. 76, 79 (C.M.A. 1991) (citing *Oregon v. Elstad*, 470 U.S. 298, 309–14 (1985)).

"Only those statements that are 'actually coerced' require application of the more stringent test generally described in Military Rule of Evidence [hereinafter Mil. R. Evid.] 304(b)(3). . . ." *Cuento*, 60 M.J. at 109 (citing *United States v. Benner*, 57 M.J 210 (C.A.A.F. 2002), and *United States v. Steward*, 31 M.J. 259, 264 (C.M.A. 1990)). Evidence procured following a previously coerced statement "may be admitted against the accused if the military judge finds by a preponderance of the evidence that the statement was made voluntarily, that the evidence was not obtained by use of the statement, or that the evidence would have been obtained even if the statement had not been made." Mil. R. Evid. 304 (b)(3). There are numerous factors relevant to evaluating the voluntariness, attenuation, and inevitability of a second statement, to include whether there was a "cleansing" warning, whether the coerced statement was leveraged to obtain the second statement, whether there was a change in interrogators or places of interrogation, whether significant time passed between statements, and whether the coercion carried over into the second statement. *Cuento*, 60 M.J. at 109–10. *Cf. United States v. Spiess*, 71 M.J. 636, 641 (Army Ct. Crim. App. 2012) (noting that "temporal proximity of the unlawful police activity and subsequent confession, the presence of intervening circumstances, and the purpose and flagrancy of the official misconduct" are factors for determining whether rights warnings remove the taint of an unlawful search and allow a subsequent confession (quoting *United States v. Conklin*, 63 M.J. 333, 338 (C.A.A.F. 2006))).

The standard of review we apply in an appeal by the United States of a military judge's suppression ruling is necessarily deferential:

> "We review a military judge's ruling on a motion to suppress for abuse of discretion." *United States v. Rodriguez*, 60 M.J. 239, 246 (C.A.A.F. 2004) (citing *United States v. Monroe*, 52 M.J. 326, 330

4

(C.A.A.F. 2000)). "In reviewing a military judge's ruling on a motion to suppress, we review factfinding under the clearly-erroneous standard and conclusions of law under the de novo standard." *United States v. Ayala*, 43 M.J. 296, 298 (C.A.A.F. 1995). "Thus on a mixed question of law and fact . . . a military judge abuses his discretion if his findings of fact are clearly erroneous or his conclusions of law are incorrect." *Id.* The abuse of discretion standard calls "for more than a mere difference of opinion. The challenged action must be 'arbitrary, fanciful, clearly unreasonable, or clearly erroneous.'" *United States v. White*, 69 M.J. 236, 239 (C.A.A.F. 2010) (quoting *United States v. Lloyd*, 69 M.J. 95, 99 (C.A.A.F. 2010)).

When reviewing matters under Article 62(b), UCMJ, [a service] court may act only with respect to matters of law. *United States v. Gore*, 60 M.J. 178, 185 (C.A.A.F. 2004). "When a court is limited to reviewing matters of law, the question is not whether a reviewing court might disagree with the trial court's findings, but whether those findings are 'fairly supported by the record.'" *Id.* (quoting *United States v. Burris*, 21 M.J. 140, 144 (C.M.A. 1985)). When reviewing a ruling on a motion to suppress, "we consider the evidence in the light most favorable to the prevailing party." *United States v. Cowgill*, 68 M.J. 388, 390 (C.A.A.F. 2010) (quoting *United States v. Reister*, 44 M.J. 409, 413 (C.A.A.F. 1996)).

*United States v. Baker*, 70 M.J. 283, 287–88 (C.A.A.F. 2011). "Where factual issues are involved in ruling upon such a motion or objection, the military judge shall state essential findings of fact on the record." Mil. R. Evid. 304(d)(4). However, "[i]f the findings are incomplete or ambiguous, the 'appropriate remedy . . . is a remand for clarification' or additional findings." *United States v. Lincoln*, 42 M.J. 315, 320 (C.A.A.F. 1995) (quoting *United States v. Kosek*, 41 M.J. 60, 64 (C.M.A. 1994)).

**DISCUSSION**

We hold that the military judge's findings do not allow us to perform a proper review because they are incomplete, ambiguous, and unsupported by the record. Despite a significant amount of evidence before the military judge pertaining to appellee's 20 May 2012 statement to SA AP, the only findings of fact set out on the record were: (1) appellee was advised of his Article 31, UCMJ, rights on 15 May 2012, after he admitted that he placed his laptop hard drive in a vehicle's fuel tank; (2) SA AP knew that appellee concealed his laptop hard drive, but did not know that

appellee's admissions about this concealment were unwarned; and (3) SA AP again notified appellee of his Article 31, UCMJ, rights, but did not provide a cleansing warning.[2] This sparse listing of facts is contrary to the requirements of Mil. R. Evid. 304(d)(c)(4) and inadequate to evaluate the issues of voluntariness, attenuation, and inevitability surrounding appellee's 20 May 2012 statement.

The military judge did not make findings on the intelligence and experience of appellee; any conditions on his liberty between statements; or the circumstances surrounding the 20 May 2012 interview, to include, but not limited to, who called for the interview, whether the interview was custodial, what time and where the interview took place, how long the interview lasted, whether there were any breaks, whether appellee understood his rights, whether appellee was threatened, and whether SA AP used appellee's prior coerced statement. *See Cuento*, 60 M.J. at 109–10. Moreover, the military judge's specific finding that "the accused did not have the advantage of speaking with an attorney to at least know what his rights were regarding either the first statement or the second statement" is not supported in the record.

For all of the reasons above, we cannot find the military judge's conclusion that the government did not meet its burden was fairly based on the record.[3] Therefore, we must return the matter to the military judge for clarification and action in accordance with this decision.

## CONCLUSION

The appeal of the United States pursuant to Article 62, UCMJ, is granted. The ruling of the military judge is vacated and the record of trial will be returned to the military judge for action not inconsistent with this opinion. We make no ruling as to the admissibility of appellee's statements. The military judge may, *sua sponte*

---

[2] The military judge's written ruling, in which she indicates that her findings of fact were based upon "the evidence presented by both parties during the motions hearing and the arguments presented in their respective written motions," is ambiguous. It is unclear whether the military judge also considered for purposes of the motion the attachments to the written motions which included sworn statements from SPC SM, SSG NR, and SPC AH and appellee's written statement made to SA AP.

[3] We also find the military judge's conclusion that "the court's rationale in *Cuento* does not apply in this case" confusing. It is unclear, but the military judge seems to reach this conclusion because appellee did not consult or have the opportunity to consult with an attorney, facts which are unsupported by the record, and because appellee was not provided a cleansing warning, a circumstance found in *Cuento*.

6

or on request of a party, permit additional evidence and argument on the question of the voluntariness and admissibility of appellee's 20 May 2012 statement to SA AP, or any other legal issues, and make detailed findings of fact and conclusions of law thereon. The trial may then proceed or the United States may again pursue appeal under Article 62, UCMJ, if appropriate.

Judge ALDYKIEWICZ and Judge MARTIN concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court