# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
MULLIGAN, HERRING, BURTON
Appellate Military Judges

## UNITED STATES, Appellant
v.
## Sergeant EDWARD J. MITCHELL, II
### United States Army, Appellee

ARMY MISC 20150776

Headquarters, 1st Calvary Division
Rebecca K. Conally, Military Judge
Lieutenant Colonel Oren H. McKnelly, Staff Judge Advocate

For Appellant: Captain Jihan Walker, JA (argued); Colonel Mark H. Sydenham. JA; Captain Jihan Walker, JA (on brief).

For Appellee: Major Andres Vazquez, Jr. JA (argued); Lieutenant Colonel Jonathan Potter, JA; Major Andres Vazquez, Jr. JA (on brief).

18 March 2016

------------------------------------------------------------------------
MEMORANDUM OPINION AND ACTION ON APPEAL
BY THE UNITED STATES FILED PURSUANT TO
ARTICLE 62, UNIFORM CODE OF MILITARY JUSTICE
------------------------------------------------------------------------

*This opinion is issued as an unpublished opinion and, as such, does not serve as precedent.*

BURTON, Judge:

Appellee stands accused of three specifications of conspiracy to commit an offense; one specification of failure to go to an appointed place of duty; one specification of disrespect to a superior commissioned officer; five specifications of disobeying a superior commissioned officer; two specifications of sexual assault; two specifications of stalking; one specification of indecent broadcasting; one specification of assault consummated by battery; one specification of child endangerment; one specification of obstruction of justice, one specification of solicitation, one specification of communicating a threat; two specifications of online impersonation; one specification of indecent broadcasting of intimate images, and three specifications of harassment, in violation of Articles 81, 86, 89, 90, 120,

MITCHELL – ARMY 20150776

120a, 120c, 128 and 134, Uniform Code of Military Justice, 10 U.S.C. § 881, 886, 889, 890, 920, 920a, 920c 928 and 934 (2012) [hereinafter UCMJ].

This case is before this court pursuant to a government appeal of a military judge's ruling filed in accordance with Article 62, UCMJ. The government challenges the military judge's decision to suppress appellant's iPhone 6 and all evidence derived from a search of that phone.[1] We hereby vacate the military judge's ruling as it pertains to the iPhone 6 and derivative evidence and return this case to the trial court to further develop the factual predicate supporting the ruling on this motion.

## BACKGROUND

On 29 September 2015, trial defense counsel filed a motion to suppress appellee's laptop computer, cellular telephones, a hardbound notebook, and evidence derived from a digital forensic examination of the electronic devices. In addition to the pleadings and enclosures filed by both parties, the military judge also considered two audio recordings, two videos and at least nineteen additional enclosures. The military judge suppressed the iPhone 6 and evidence derived therefrom. The military judge's ruling, (Appellate Exhibit LIV, attached as an Appendix to this opinion) contained extensive factual findings.

Based on the findings of fact, the military judge concluded "that the verbal and subsequent written search authorizations sufficiently described the places to be searched and the items to be seized." She further held that the investigator's request of the accused to unlock his iPhone by entering his PIN violated the appellee's Fifth Amendment[2] right against self-incrimination, as the act was testimonial in nature. Finally, she ruled appellee's Fifth Amendment right to counsel was violated when the investigator, three hours after appellee invoked this right, asked appellee to use a PIN or passcode to unlock the telephone.

## LAW AND DISCUSSION

"We review a military judge's ruling on a motion to suppress for an abuse of discretion." *United States v. Baker*, 70 M.J. 283, 287 (C.A.A.F. 2011) (quoting *United States v. Rodriguez,* 60 M.J. 239, 246 (C.A.A.F. 2004) (internal quotation marks omitted). "In reviewing a military judge's ruling on a motion to suppress, we

---

[1] The military judge also suppressed a hardbound notebook, dubbed the "green book." The government does not challenge that part of the military judge's ruling, so we adopt it as the law of the case. *See United States v. Parker*, 62 M.J. 459, 464 (C.A.A.F. 2006).

[2] U.S. Const. amend. V.

2

review factfinding under the clearly-erroneous standard and conclusions of law under the de novo standard." *United States v. Ayala*, 43 M.J. 296, 298 (C.A.A.F. 1995) (citations omitted). Where mixed questions of law and fact are involved, "a military judge abuses his discretion if his findings of fact are clearly erroneous or his conclusions of law are incorrect." *Id*. An abuse of discretion requires "more than a mere difference of opinion. The challenged action must be 'arbitrary, fanciful, clearly unreasonable, or clearly erroneous.'" *United States v. White*, 69 M.J. 236, 239 (C.A.A.F. 2010) (quoting *United States v. Lloyd*, 69 M.J. 95, 99 (C.A.A.F. 2010)).

In conducting a review under Article 62(b), UCMJ, of a military judge's decision to exclude matters, this court may act only with respect to matters of law. *United States v. Gore*, 60 M.J. 178, 185 (C.A.A.F. 2004). In conducting this limited review of matters of law, "the question is not whether a reviewing court might disagree with the trial court's findings, but whether those findings are 'fairly supported by the record.'" *Id*. (quoting *United States v. Burris*, 21 M.J. 140, 144 (C.M.A. 1985)). When reviewing a ruling on a motion to suppress, "we review[] the evidence in the light most favorable to the prevailing party at trial." *United States v. Wicks*, 73 M.J. 93, 98 (C.A.A.F. 2014) (citation omitted).

"Where factual issues are involved in ruling upon such a motion [to suppress], the military judge shall state essential findings of fact on the record." Military Rule of Evidence [hereinafter Mil. R. Evid.] 304(d)(4). However, "[i]f the findings are incomplete or ambiguous, the 'appropriate remedy . . . is a remand for clarification' or additional findings." *United States v. Lincoln*, 42 M.J. 315, 320 (C.A.A.F. 1995) (quoting *United States v. Kosek*, 41 M.J. 60, 64 (C.M.A. 1994)); *See United States v. McDonald*, ARMY MISC 20130423 CCA LEXIS 516 (Army Ct. Crim App. 24 Jun. 2013) (mem. op.).

Concerning the ruling that Investigator BT infringed appellee's Fifth Amendment right against self-incrimination, we are uncertain what the military judge relied on in determining the appellee used a PIN or passcode to unlock his iPhone. The testimony of various witnesses called on the suppression motion failed to establish any one of them saw appellee type in a PIN or a passcode. This may have been a factual conclusion drawn by the military judge as a fair inference of the testimony or based the audio recordings and nineteen other exhibits admitted on the motion.

In holding Investigator BT infringed appellee's right to counsel, the military judge relied on *United States v. Hutchins*, 72 MJ 294 (CAAF 2013), citing the Supreme Court's decision in *Edwards v. Arizona*[3] (*Edwards* rule) which provided, in

---

[3] *Edwards v. Arizona*, 451 U.S. 477, 484-85 (1981).

3

part, that when an accused invokes his right to counsel during custodial interrogation, he "is not subject to further interrogation by the authorities until counsel has been made available to him, unless the accused himself initiates further communication, exchanges, or conversations with the police." *Edwards*, 451 U.S. at 484-85. The military judge also referenced *United States v. Bondo*, 2015 CCA Lexis 89 (A.F. Ct. Crim. App. 18 Mar. 2015) for the same proposition. In both *Hutchins* and *Bondo*, the accused was in custody during the initial stages of the interrogation and later when interrogations were reinitiated.

In military practice, Mil. R. Evid. 305(e)(1) incorporates the *Edwards* rule.[4] To invoke the *Edwards* rule, "the courts must determine whether the suspect was in custody when he requested counsel *and* when he later made the statements he seeks to suppress." *Maryland v. Shatzer*, 559 US 98, 113 (2010) (emphasis added).

Here, the military judge noted appellee was released to his unit after the initial custodial interrogation by Investigator BT. When Investigator BT returned three hours later, he found appellee "in or outside" of the commander's office. Investigator BT's request to appellee to unlock the iPhone occurred outside the commanders office. What is uncertain from our review of the record is whether appellee was in custody the entire time, including when he returned to his unit, was released from custody after the initial interrogation, or, if released from custody, was placed back into custody status prior to the request to unlock his iPhone.

For the reasons above, we cannot find that the appellant's Fifth Amendment right against self-incrimination and his Fifth Amendment right to counsel or the *Edwards* rule were violated. Therefore, we must return the matter to the military judge for clarification and action in accordance with this decision.

We therefore hold that the military judge's factual findings are ambiguous, incomplete, and insufficient for us to perform a proper review under Article 62, UCMJ.

## CONCLUSION

The appeal of the United States pursuant to Article 62, UCMJ, to the military judge's decision to suppress the appellee's iPhone 6 is GRANTED. The ruling of the military judge as it pertains to the suppression of the iPhone is SET ASIDE and the record of trial will be returned to the military judge for action consistent with

---

[4] "Absent a valid waiver of counsel under subdivision (g)(2)(B), when an accused or person suspected of an offense is subjected to a custodial interrogation under circumstances described under subdivision (d)(1)(A) of this rule, and the accused or suspect requests counsel, counsel must be present before any subsequent custodial interrogation may proceed."

this opinion.  We make no ruling as to the admissibility of the iPhone or the evidence derived therefrom.  The military judge may, sua sponte or on request of a party, permit additional evidence and argument on the issue of the whether appellee's act of unlocking the iPhone was "testimonial," whether appellee was in custody when he unlocked the cell phone, or any other matter relevant to the suppression motion or to the resolution of this case.  The military judge shall make detailed findings of fact and conclusions of law to support her decisions on these matters.  The trial may then proceed or the United States may again pursue appeal under Article 62, UCMJ, if appropriate.

Senior Judge MULLIGAN and Judge HERRING concur.

FOR THE COURT:

JOHN P. TAITT
Chief Deputy Clerk of Court