# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
TOZZI, CELTNIEKS, and BURTON
Appellate Military Judges

**UNITED STATES, Appellant**
**v.**
**Private E-1 JUSTIN M. GURCZYNSKI**
**United States Army, Appellee**

ARMY MISC 20160402

Headquarters, United States Army Combined Arms Center and Fort Leavenworth
Jeffrey R. Nance, Military Judge
Colonel Craig E. Marutka, Staff Judge Advocate

For Appellee:  Captain Carling M. Dunham, JA (argued); Colonel Mark H. Sydenham, JA; Lieutenant Colonel A.G. Courie III, JA; Major Jihan Walker, JA; Captain Carling M. Dunham, JA (on brief).

For Appellant:  Captain Cody Cheek, JA (argued); Colonel Mary J. Bradley, JA; Major Andres Vazquez, Jr., JA; Captain Cody Cheek, JA (on brief).

6 September 2016

---------------------------------------------------------------------------
SUMMARY DISPOSITION AND ACTION ON APPEAL
BY THE UNITED STATES FILED PURSUANT TO
ARTICLE 62, UNIFORM CODE OF MILITARY JUSTICE
---------------------------------------------------------------------------

BURTON, Judge:

Appellee stands accused of two specifications of wrongful possession of child pornography in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934 (2012) [hereinafter UCMJ].  This case is before this court pursuant to the government's appeal, filed in accordance with Article 62, UCMJ, challenging the military judge's decision to suppress the very evidence that is the subject of these charges.[1]

---

[1] This Court heard oral argument on this case on 31 August 2016.

The charges against appellant are premised on child pornography discovered during a digital forensic examination (DFE) of a thumb drive and hard drive seized on 24 January 2014 by the Army Criminal Investigation Command (CID) from the appellant's residence pursuant to a warrant. CID's investigation stemmed from allegations appellant sexually abused a child.[2] At trial, defense counsel moved under Military Rule of Evidence [hereinafter Mil. R. Evid.] 311 to suppress the evidence on the thumb drive and a computer hard drive on the basis that CID exceeded the scope of the warrant during the DFE. The military judge granted the motion upon determining CID obtained the evidence by conducting an unlawful search and seizure in violation of the Fourth Amendment to the United States Constitution and Mil. R. Evid. 311.

In granting the defense motion to suppress, the military judge made detailed findings of fact concerning the scope of the warrant and the search actually conducted, which we briefly summarize here.

First, the military judge found the warrant obtained by CID to search appellant's residence allowed agents to search for computers and associated peripheral devices for evidence of "attempted sexual abuse of a child, abusive sexual contact with a child and other offenses related" to the allegations against the appellant. The warrant authorized CID to search items seized for evidence appellant used the devices to communicate with the alleged victim of his abuse in order to arrange the meeting where the appellant ultimately engaged in indecent acts and sexual contact with the child.

Second, a little over a month after the search of appellant's residence, CID Special Agent (SA) JT sent the thumb drive and other seized digital items to the Digital Forensics Lab at the Fort Lewis, Washington CID office for the DFE. The items were accompanied by a DD Form 2922, Forensic Laboratory Examination Request, with instructions that the DFE search the thumb drive for "child pornography or correspondence" with the alleged victim. The request specified that other digital items seized should be searched for child pornography and e-mails, online chats, online messages, and other forms of communication between appellant and the alleged victim.

---

[2] On 19 June 2014, military judge sitting as a general court-martial convicted appellant, consistent with his pleas, of one specification of making a false official statement, and contrary to his pleas, of two specifications of taking indecent liberties with a child and two specifications of abusive sexual contact with a child, in violation of Articles 107 and 120, UCMJ. This court dismissed one of the indecent liberties specifications, as it was charged in the alternative with a specification of abusive sexual contact; we then affirmed the remaining findings and the sentence. *United States v. Gurczynski*, ARMY 20140518 (Army Ct. Crim. App. 31 Aug. 2016) (summ. disp.). CID conducted the DFE over 9 months after this trial.

Third, when SA CP opened the thumb drive during the DFE, he saw several file names of videos normally associated with child pornography, as well as a photo of the appellant. SA CP, suspecting the video files contained child pornography, and without obtaining a new or expanded search warrant, opened one of the files and concluded, based on his professional experience, that it was child pornography. After that, SA CP searched other media seized from appellant's home and found additional child pornography on a computer hard drive.

Fourth, SA CP, relied upon both the DA Form 2922 and the search warrant in determining the scope of the DFE he conducted.

Based on these facts, the military judge concluded CID exceeded the scope of the warrant in searching the thumb drive and granted appellant's motion to suppress the child pornography found on the thumb drive and computer hard drive. First, the military judge found CID had probable cause within the meaning of Mil. R. Evid. 315(f) and a valid warrant to search for communications. Noting that search warrants must be specific, the military judge found the same was not true for child pornography because nothing in the warrant or supporting affidavit mentioned anything "even closely approximating evidence of child pornography." *See United States v. Carey*, 172 F.3d 1268 (10th Cir, 1999). In this respect, the DA Form 2922, relied upon by SA CP, impermissibly expanded on the scope of the warrant. The military judge also noted the nature of the charges, given their plain statutory meaning, did not remotely contemplate the possession, creation or distribution of child pornography. Second, to search for child pornography upon seeing the video files, SA CP was required to obtain a new or expanded warrant. *See U.S. v. Walser*, 275 F.3d 981, 986 (10th Cir. 2001). Third, the military judge determined that the inevitable discovery doctrine set forth in Mil. R. Evid. 311(c)(2) did not apply since CID did not have probable cause to search for child pornography in the first instance. *See United States v. Hoffman*, 75 M.J. 120, 127 ("Without probable cause, the inevitable discovery doctrine fails.").[3]

---

[3] The military judge did not address in his written ruling trial counsel's assertion the child pornography was admissible under Mil. R. Evid. 316(c)(5)(C) as evidence in plain view. We find that plain view does not apply under the circumstances of this case. For the plain view doctrine to apply, a law enforcement officer must not have violated the Fourth Amendment, the incriminating nature of the evidence must be readily apparent, and the officer must have a lawful right of access the object searched. *Horton v. California*, 496 U.S. 128, 136-37 (1990). Here, CID violated the Fourth Amendment by exceeding the scope of the warrant. *See United States v. Osorio*, 66 M.J. 632 (A.F. Ct. Crim. App. 2008).

GURCZYNSKI—ARMY MISC 20160402

We review a military judge's ruling on a motion to suppress for an abuse of discretion. *United States v. Baker,* 70 M.J. 283, 287-88 (C.A.A.F. 2011) (citations omitted). In reviewing such a ruling, "we review factfinding under the clearly-erroneous standard and conclusions of law under the de novo standard." *Id.* (quoting *United States v. Ayala*, 43 M.J. 296, 298 (C.A.A.F. 1995)). On mixed questions of law and fact, "a military judge abuses his discretion if his findings are clearly erroneous or his conclusions of law are incorrect." *Id.* "The abuse of discretion standard calls for more than a mere difference of opinion. The challenged action must be arbitrary, fanciful, clearly unreasonable, or clearly erroneous." *United States v. White*, 69 M.J. 236, 239 (C.A.A.F. 2010) (citations and internal quotation marks omitted).

When acting on interlocutory appeals under Article 62, UCMJ, our court may act "only with respect to matters of law." *Baker,* 70 M.J. at 287-88 (citing *United States v. Gore*, 60 M.J. 178, 185 (C.A.A.F. 2004)). As we are limited to reviewing matters of law, the question before us is not whether we disagree with the trial court's findings, but "whether those findings are fairly supported by the record." *Baker,* 70 M.J. at 288 (quoting *United States v. Burris*, 21 M.J. 140, 144 C.M.A. 1985). In conducting our review of a motion to suppress, "we consider the evidence in the light most favorable to the prevailing party." *Baker*, 70 M.J. at 288 (citations omitted).

Upon review of the record of trial, including the military judge's ruling dated 13 May 2016, the briefs of both parties, and the oral arguments, we find the military judge did not abuse his discretion in suppressing the evidence obtained from the thumb drive seized from the residence of the accused on 24 January 2014 and his findings are fairly supported by the record. Therefore, the appeal of the United States pursuant to Article 62, UCMJ, is DENIED.

Senior Judge TOZZI and Judge CELTNIEKS concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

4