# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
ALDYKIEWICZ, SALUSSOLIA, and WALKER
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Captain BRANDON T. HENLEY**
**United States Army, Appellant**

ARMY 20180175

Headquarters, Eighth Army
Wendy P. Daknis, Military Judge
Colonel E. Edmond Bowen, Jr., Staff Judge Advocate

For Appellant: Colonel Elizabeth G. Marotta, JA; Lieutenant Colonel Tiffany D. Pond, JA; Major Todd W. Simpson, JA; Major Robert Feldmeier, JA (on brief).

For Appellee: Colonel Steven P. Haight, JA; Lieutenant Colonel Eric K. Stafford, JA; Major Jeremy Watford, JA; Captain Brian Jones, JA (on brief).

27 September 2019

---------------------------------
MEMORANDUM OPINION
---------------------------------

*This opinion is issued as an unpublished opinion and, as such, does not serve as precedent.*

WALKER, Judge:

A military judge sitting as a general court-martial convicted appellant, contrary to his plea, of one specification of assault consummated by a battery in violation of Article 128, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 928. The convening authority approved the adjudged sentence of a dismissal from military service.

Appellant contends the military judge erred when she admitted a hearsay statement made by the complaining witness as an excited utterance pursuant to

Military Rule of Evidence [Mil. R. Evid.] 803(2). Further, appellant alleges that the error prejudiced him at trial. We agree and accordingly, grant relief.[1]

## BACKGROUND

On 30 November 2017, appellant's wife, TH, called Staff Sergeant (SSG) Villanova, from appellant's cellular phone. Staff Sergeant Villanova was a medic in appellant's unit in Korea whom TH met upon her arrival to Korea. According to SSG Villanova, TH said, "Brandon hit me," and explained that she wanted her husband to leave or she would be coming up to the camp. Staff Sergeant Villanova testified that TH sounded "upset" on the phone, like she was crying. Staff Sergeant Villanova then heard appellant in the background calmly state, "I'll wait for you to get off the phone." After that, TH abruptly ended the phone call.

Later on, TH drove to the unit headquarters with her and appellant's three children. Staff Sergeant Villanova observed TH get out of the car with the children and noticed some bruising and marking around her eye and temple. TH met with Lieutenant Colonel (LTC) Johnson, the Detachment Executive Officer, and the Detachment Sergeant Major. Lieutenant Colonel Johnson noticed that TH appeared as if she had been crying and her eyes were swollen. TH complained of headaches to the Detachment leadership so they suggested SSG Villanova examine her. Staff Sergeant Villanova examined TH's bruising but felt it was outside of his level of expertise as a medic, so the unit escorted TH to the hospital in Yongsan. At the hospital, a medical provider also noted a bruise on TH's head.

At trial, the government called SSG Villanova as a witness and attempted to admit the statements TH made to him during their short phone call on 30 November 2017. Appellant's defense counsel objected on the basis of hearsay. The government asserted that TH's statements to SSG Villlanova satisfied the requirements for the excited utterance exception to the general prohibition against hearsay. Staff Sergeant Villanova's testimony was the only evidence the government presented for purposes of admitting TH's statements as an excited utterance. The government did not present any evidence as to when appellant allegedly hit TH in relation to her phone call to SSG Villanova.

In ruling that TH's statements to SSG Villanova qualified as an excited utterance, the military judge found that because SSG Villanova described TH as

---

[1] In addition to the assignment of error for which we grant relief, appellant contends that his Sixth Amendment right to confrontation was violated by the testimony of Staff Sergeant Villanova and that the evidence was factually insufficient to sustain his conviction. Due to the relief we grant in our decretal paragraph, we need not address appellant's Confrontation Clause or factual sufficiency assignments of error.

sobbing during the phone call, the startling event was "ongoing." The military judge continued her analysis stating:

> The emergency does not have to be ongoing for it to be a nontestimonial statement. . . . So, the fact that [TH] was no longer being hit is not relevant in the case, when the reporting or the receiver of the report was not law enforcement or a member of the prosecution. So, with respect to the excited utterance, the court believes it was close enough in time to the event. It's clear from her demeanor on the phone that it was close enough to the event that she blurted it out without any introduction, any questions of what's going on, what happened and then immediately hung up the phone. That does fit within the exception of an excited utterance. . .

The military judge overruled the defense's hearsay objection and allowed SSG Villanova to testify that TH told him, "Brandon hit me." TH did not testify at appellant's court-martial.

## LAW AND DISCUSSION

We evaluate a military judge's decision to admit evidence as an excited utterance under an abuse of discretion standard. *United States v. Moolick*, 53 M.J. 174 (C.A.A.F. 2000). A military judge abuses her discretion when her findings of fact are clearly erroneous or if her decision is based on an erroneous view of the law. *United States v. Sullivan*, 42 M.J. 360, 363 (C.A.A.F. 1995). "A military judge's fact-finding is reviewed under the clearly erroneous standard, while conclusions of law are reviewed *de novo*." *United States v. White*, 69 M.J. 236, 239 (C.A.A.F. 2010). Here, we conclude that the military judge abused her discretion in admitting TH's statement to SSG Villanova as an excited utterance because she found a clearly erroneous fact—that TH's statement was "close enough in time" to the alleged assault—that is unsupported by the record. Further, the military judge used that fact as the foundation for her legal analysis, wherein she misapplied the relevant law.

*A. The Excited Utterance Exception Requires More than a Crying Declarant*

Military R. Evid. 802 generally prohibits admission of hearsay, defining hearsay as "a statement, other than one made by the declarant while testifying at trial or hearing, offered in evidence to prove the truth of the matter asserted."

Pursuant to Mil. R. Evid. 803(2), the "excited utterance" exception to the prohibition against hearsay permits admission of "a statement relating to a startling

event or condition made while the declarant was under the stress of excitement caused by the event or condition." "The theory underlying the admission of an excited utterance is 'that persons are less likely to have concocted an untruthful statement when they are responding to the sudden stimulus of a startling event.'" *United States v. Feltham*, 58 M.J. 470, 474 (C.A.A.F. 2003)(quoting *United States v. Lemere*, 22 M.J. 61, 68 (C.M.A. 1986)).

In *United States v. Arnold*, our superior court articulated a three-prong test for a statement to qualify as an excited utterance:

> (1) the statement must be spontaneous, excited or impulsive rather than the product of reflection and deliberation;
>
> (2) the event prompting the utterance must be startling, and;
>
> (3) the declarant must be under the stress of excitement caused by the event.

25 M.J. 129, 132 (C.M.A. 1987). *See also United States v. Bowen*, 76 M.J. 83, 88 (C.A.A.F. 2017).

The first prong of the *Arnold* test requires the statement to be "spontaneous, excited, or impulsive rather than the product of reflection." *Feltham*, 58 M.J. at 475. In the instant case, the military judge noted in her ruling that when TH made her telephonic statement to SSG Villanova she "blurted it out without any introduction," rather than in response to a prompting question. However, TH's acquisition of appellant's cellular phone and execution of a call to SSG Villanova while appellant stood calmly in the background cuts against the spontaneity of the statement. Additionally, there was no evidence provided indicating when the alleged assault occurred or the circumstances surrounding the statement in order to determine whether it was spontaneous as opposed to being the product of reflection. We do not hold that statements made over the phone cannot qualify as excited utterances; rather we hold we do not have the factual foundation to conclude that the statements TH made over the phone was spontaneous in nature.

The second prong of the *Arnold* test requires that the event prompting the utterance must be startling. Certainly, being assaulted by one's spouse might be startling. However, it is unclear from the record whether the alleged assault served as the startling event that prompted TH's abrupt phone call and statement to SSG Villanova.

4

The third prong of the *Arnold* test requires that the declarant was under the stress of excitement caused by the startling event when she made her statement.

> In determining whether a declarant was under the stress of a startling event at the time of his or her statement, courts have looked to a number of factors. These may include: the lapse of time between the startling event and the statement, whether the statement was made in response to an inquiry, the age of the declarant, the physical and mental condition of the declarant, the characteristics of the event, and the subject matter of the statement.

*United States v. Donaldson*, 58 M.J. 477, 483 (C.A.A.F. 2003)(internal citations omitted).

A lapse of time between a startling event and the excited utterance "creates a strong presumption against admissibility." *Feltham*, 58 M.J. at 475 (quoting *United States v. Jones*, 30 M.J. 127, 129 (C.M.A. 1990)); *see also Donaldson*, 58 M.J. at 484. However, the time that passes between the startling event and the excited utterance is only one factor to consider when determining whether a statement qualifies as an excited utterance. *Id.* (citations omitted). In *Arnold*, the court held that a victim's unsolicited statement given 12 hours after being sexually assaulted qualified as an excited utterance as it was made at her first opportunity and while her demeanor was substantially different than normal and still under the stress of the startling event. 25 M.J. at 132. But in *Jones*, our superior court held a statement was not an excited utterance when it was made 12 hours after a startling event. 30 M.J. at 128. In that instance, the declarant made the statement in response to a question, after failing to comment on the event at an earlier opportunity and carrying on with daily business following the event. *Id.* The "critical determination" is whether the declarant was still under the stress of the startling event while uttering her statement, not the amount of time that lapsed between the event and the statement. *Feltham*, 58 M.J. at 475.

There are insufficient facts in the record upon which the military judge could have concluded that TH's statement was made while she was still under the stress of the startling event. In fact, the government failed to present any evidence as to when the alleged assault occurred in relation to the phone call. Given the abbreviated nature of the call, SSG Villanova was unable to provide any evidence to support whether TH was upset over the phone *because* appellant hit her, only that she sounded like she was crying. If appellant hit his wife, it could have been several hours or even days prior to TH's statement to SSG Villanova.

The military judge relied solely on TH's demeanor over the phone as a basis to conclude that TH's statement to SSG Villanova was "close enough in time to the

event" to qualify as an excited utterance. While a tearful demeanor is a consideration in determining whether an individual is still under the stress of a startling event, it is not a sufficient factual basis for the military judge to have concluded that TH's utterance was "close enough in time" to the startling event. It is just as probable that an individual may become emotional when recalling a traumatic event no matter how much time has passed. Not every statement a person utters while crying is safe from the dangers of hearsay; they are not all excited utterances. Without any evidence of *when* the alleged assault occurred, "[w]e have no way of divining what 'close enough' means when reviewing the testimony and evidence deduced at trial." *United States v. Rich*, ARMY 20130805, 2016 CCA LEXIS 493, *15 (Army Ct. Crim. App. 9 August 2016).

Presuming TH was excited by an alleged assault, the unknown passage of time between the assault and the statement may have allowed TH to deliberate over her story, forfeiting the presumption that she did not have time to concoct an untruthful statement. There are no facts to establish why TH was upset on the phone when she made her statement, whether her demeanor reflected stress or excitement from the alleged assault, or any temporal connection between the statement and the alleged assault. The government failed to establish the factual foundation for the three prongs of the *Arnold* test for an excited utterance. *See Rich,* 2016 CCA LEXIS 493 at *16. As such, the military judge's factual finding that TH's statement was close enough in time to the startling event that she was still under the stress of the startling event was clearly erroneous.

Further, the military judge conflated her excited utterance analysis with a Confrontation Clause analysis thereby basing her ruling on an erroneous view of the law. In her ruling, the military judge focused on the receiver of the statement not being law enforcement and whether there was an on-going emergency, rather than the state of the declarant and the temporal proximity of the statement to the startling event. The military judge should have considered whether the event in question— being hit by appellant—was a startling event, whether TH's statement in response to the event was spontaneous, and whether she was still under the stress of the startling event when she made it.

In the instant case, a critical fact upon which the military judge relied was clearly erroneous because it was unsupported by the record, an error which was further compounded by the judge's erroneous view of the law. Therefore, we hold that the military judge abused her discretion when she admitted TH's statement to SSG Villanova as an excited utterance.

*B. The Prejudicial Effect of the Error*

Having found the military judge abused her discretion, we turn to the question of whether the error had a prejudicial effect. "[A] finding or sentence of a court-martial may not be held incorrect on the ground of an error of law unless the error materially prejudices the substantial rights of the accused." Article 59(a), UCMJ, 10 U.S.C. §859(a). We evaluate an evidentiary ruling for prejudice by weighing: "(1) the strength of the Government's case, (2) the strength of the defense case, (3) the materiality of the evidence in question, and (4) the quality of the evidence in question." *United States v. Kerr*, 51 M.J. 401, 405 (C.A.A.F. 1995).

Applying the *Kerr* factors, we lack confidence that the military judge was not influenced by the improper hearsay testimony in this case. While the government presented evidence that TH had bruising in her eye and temple area consistent with a physical assault, the government presented no evidence as to who caused those injuries other than the hearsay statement made to SSG Villanova. The sole piece of evidence that appellant assaulted TH was her hearsay statement to SSG Villanova.[2] We find the hearsay statement in question was material to the military judge's conclusion that appellant was guilty of the charged assault and thus, its admission materially prejudiced appellant.

## CONCLUSION

For the foregoing reasons we conclude the military judge abused her discretion by admitting as an excited utterance TH's hearsay statement, such error materially prejudicing appellant's substantial rights at trial.

The findings of guilty of the Charge and its Specification are set aside. A rehearing is authorized.

Senior Judge ALDYKIEWICZ and Judge SALUSSOLIA concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

---

[2] While TH informed a medical provider that appellant physically assaulted her and that was the source of her injuries, the military judge excluded those particular statements made to the medical provider under the Confrontation clause.